# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: HILL'S PET NUTRITION, INC., DOG FOOD
PRODUCTS LIABILITY LITIGATION ·                    MDL No. 2887

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in two actions pending in the Northern District of California (*Navarette* and *Bauer*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. The litigation consists of the six actions listed on the attached Schedule A, three in the Northern District of California (*Navarette*, *Bauer*, and *Sun-Dampier*) and one each in the Northern District of Florida (*Russell*), the Eastern District of New York (*Bone*), and the District of Rhode Island (*Jubinville*). The Panel has been notified of 23 potentially-related actions.[1]

All responding parties support centralization, but there is disagreement concerning the choice of an appropriate transferee district. The *Sun-Dampier* plaintiff supports centralization in the Northern District of California. Common defendants Hill's Pet Nutrition, Inc., and Hill's Pet Nutrition Sales, Inc., support centralization in the District of Kansas, as do plaintiffs in nine potential tag-along actions. Plaintiffs in the *Bone*, *Russell*, and *Jubinville* actions support centralization in the Eastern District of New York, as do plaintiffs in seven potential tag-along actions.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegations that multiple varieties of Hill's Prescription Diet and Science Diet canned dog food products were defective, in that they contained dangerously high levels of Vitamin D.[2] Centralization will eliminate duplicative discovery, the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters, and conserve

---

[*]       One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]       These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]       According to plaintiffs, excessive Vitamin D can cause dogs to experience serious health issues (*e.g.*, vomiting, weakness, depression, loss of appetite, increased thirst, increased urination, blood in feces and vomit, loss of weight, constipation, seizures, muscle tremors, abdominal pain, excessive drooling and joint issues) and even death.

-2-

judicial and party resources.

We select the District of Kansas as the transferee district. Hill's is headquartered in that district, and it represents that its key evidence and witnesses are located there. Eight potential tag-along actions are pending in the District of Kansas, and its selection is supported by both Hill's and a number of plaintiffs. Chief Judge Julie A. Robinson, to whom we assign the litigation, is an experienced jurist. We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Kansas are transferred to the District of Kansas, and, with the consent of that court, assigned to the Honorable Julie A. Robinson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Lewis A. Kaplan                Ellen Segal Huvelle
R. David Proctor               Catherine D. Perry
Karen K. Caldwell              Nathaniel M. Gorton