# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

<table>
<tr>
<td>

**IN RE: HILL'S PET NUTRITION, INC. DOG FOOD PRODUCTS LIABILITY LITIGATION**

**This Document Relates to All Cases, Except:**

***Diana Anja Eichorn-Burkhard v. Hill's Pet Nutrition, Inc. et al.*, Case No. 19-CV-02672- JAR-TJJ;**

**and**

***Bone, et al. v. Hill's Pet Nutrition, Inc., et al.*, Case No. 19-CV-02284- JAR-TJJ (cat food-related claims only. This complaint DOES apply to all dog food-related claims in the *Bone* complaint).**

</td>
<td>

**MDL No. 2887**

**Case No. 19-md-2887-JAR-TJJ**

</td>
</tr>
</table>

## CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs Michelle Black, Toni Blanchard, Jack Blaser, Jeremiah Will Brigham, Stacey Caskey, Kathy Capron, Megan Carter, Kristina Centers, Linda Cole, Jennifer Cromwell, Kristin DeCroce, Molly McDowell Dunston, Sarah Ecton, Sandra Walker Evans, Jamie Fain, Beatrice Friedman, Maritza Galindo, Lafonda Guyton, Sally Hall, Marc Haughaboo, Leiann Hawley, Keith Heck, Janis Henderson, Melinda Hengel, Jessie Hollister, Sharon Hopkins, Claudia Hoyos, Janet Imfeld, Mary Ippisch, Brandy Jeter, Cara Kaufmann, Allison Kay, Kevin Kelly, Marla King, Kathy Klaassen, TJ Knowland, Lisette Kra, Teresa Krage, Rosemary Lanctot, Janet Laurin, Tammy Lechner, Stephanie Lett, Sandra Lindquist, David Lovell, Dan Marcus, Michael Markiewicz, Marnie McCown, Cheryl McMurray, Melissa Mendoza, Jeffrey Morris, Jennifer Naeve, Robert Neve, Kay Okahashi, Mary Ponce, Robin Prebe, Susan Pyper, Vanessa Roberts,

Karen Rohman, Taakena Ross, Cheri Rusinack, Michael Russell, Crystal Russell, Chuck Silveira, Harmony Stidham, Kristal Summers, Catherine Teegarden, Andrew Tilles, Demetrios Tsiptsis, Luann Tyborski, Angela Wickham, and June Yoshinaga (collectively "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as defined below), bring this Class Action Complaint against Hill's Pet Nutrition, Inc., Hill's Pet Nutrition Sales, Inc. (collectively, "Hill's"), and Colgate-Palmolive Company ("Colgate") (collectively with Hill's, "Defendants"). Plaintiffs base the allegations below on personal knowledge as to matters related to and known to them. As to all other matters, Plaintiffs base their allegations on information and belief and through investigation of their counsel. Plaintiffs believe substantial evidentiary support exists for the allegations below.

## NATURE OF THE ACTION

1.   Defendant Hill's is a manufacturer and seller of pet foods, including certain canned dog foods ("Hill's Products").[1]

---

[1] Hill's Products are defined as: Hill's® Prescription Diet® k/d® Canine Kidney Care with Lamb (13 oz.), SKU2697, Hill's® Science Diet® Adult Perfect Weight Chicken & Vegetable Entrée (12.8 oz.), SKU2975, Hill's® Prescription Diet® c/d® Multicare Canine Urinary Care Chicken & Vegetable Stew (5.5 oz.), SKU 3388, Hill's® Prescription Diet® i/d® Low Fat Canine Digestive Care Rice, Vegetable & Chicken Stew (5.5 oz.), SKU3391, Hill's® Prescription Diet® r/d® Canine Weight Reduction Original Flavor (12.3 oz.), SKU7014, Hill's® Science Diet® Adult Beef & Barley Entrée (13 oz.), SKU7039, Hill's® Science Diet® Adult 7+ Healthy Cuisine Roasted Chicken, Carrots & Spinach Stew Dog food (12.5 oz.), SKU 10449; Hill's® Science Diet® Adult Healthy Cuisine Adult Braised Beef, Carrots & Peas Stew (12.5 oz.), SKU 10451, Hill's® Prescription Diet® c/d® Multicare Canine Urinary Care Chicken & Vegetable Stew (12.5 oz.), SKU 3384, Hill's® Prescription Diet® i/d® Canine Digestive Care Chicken & Vegetable Stew (12.5 oz.), SKU 3389, Hill's® Prescription Diet® i/d® Canine Digestive Care Chicken & Vegetable Stew (5.5 oz.), SKU 3390, Hill's® Prescription Diet® z/d® Canine Skin/Food Sensitivities Original Flavor (5.5 oz.), SKU5403, Hill's® Prescription Diet® g/d® Canine Aging Care Turkey Flavor (13 oz.), SKU7006, Hill's® Science Diet® Adult 7+ Savory Stew with Beef & Vegetables (12.8 oz.), SKU1434, Hill's® Science Diet® Puppy Savory Stew with Chicken & Vegetables (12.8 oz.), SKU1428, Hill's® Prescription Diet® i/d® Canine Digestive Care with

Turkey (13 oz.), SKU7008, Hill's® Prescription Diet® j/d® Canine Joint Care with Lamb (13 oz.), SKU7009, Hill's® Prescription Diet® k/d® Canine Kidney Care with Chicken (13 oz.), SKU7010, Hill's® Prescription Diet® w/d® Canine Digestive/Weight/Glucose Management with Chicken (13 oz.), SKU7017, Hill's® Prescription Diet® z/d® Canine Skin/Food Sensitivities Original Flavor (13 oz.), SKU7018, Hill's® Prescription Diet® Metabolic + Mobility Canine Weight + Joint Care Vegetable & Tuna Stew (12.5 oz.), SKU10086, Hill's® Prescription Diet® w/d® Canine Digestive/Weight/Glucose Management Vegetable & Chicken Stew (12.5 oz.), SKU10129, Hill's® Prescription Diet i/d® Low Fat Canine Digestive Care Rice, Vegetable & Chicken Stew (12.5 oz.), SKU10423, Hill's® Prescription Diet® Derm Defense® Canine Environmental Sensitivities Chicken & Vegetable Stew (12.5 oz.), SKU10509, Hill's® Science Diet® Adult 7+ Small & Toy Breed Chicken & Barley Entrée (5.8 oz.), SKU4969, Hill's® Science Diet® Puppy Chicken & Barley Entrée (13 oz.), SKU7036, Hill's® Science Diet® Canine Adult Chicken & Barley Entrée (13 oz.), SKU7037, Hill's® Science Diet® Adult Turkey & Barley (13 oz.), SKU 7038, Hill's® Science Diet® Adult Chicken & Beef Entrée (13 oz.), SKU7040, Hill's® Science Diet® Adult Light with Liver (13 oz.), SKU7048, Hill's® Science Diet® Adult 7+ Chicken & Barley Entrée (13 oz.), SKU7055, Hill's® Science Diet® Adult 7+ Beef & Barley Entrée (13 oz.), SKU7056, Hill's® Science Diet® Adult 7+ Turkey & Barley Entrée (13 oz.), SKU7057, Hill's® Science Diet® Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew (12.5 oz.), SKU10452, Hill's® Science Diet® Youthful Vitality Adult 7+ Chicken & Vegetable (12.5 oz.), SKU10763, Hill's® Science Diet® Adult Savory Stew with Chicken & Vegetables (12.8 oz.), SKU1430, Hill's® Science Diet® Adult Savory Stew with Beef & Vegetables (12.8 oz.), SKU1431, Hill's Science Diet Adult 7+ Savory Stew with Chicken & Vegetables (12.8 oz.), SKU1433, Hill's® Prescription Diet® i/d® Low Fat Canine Digestive Care Original Flavor (13 oz.), SKU1863, Hill's® Prescription Diet® Metabolic Canine Weight Management Chicken Flavor (13 oz.), SKU1957, Hill's® Science Diet® Adult Sensitive Stomach & Skin Salmon & Vegetable Entrée (12.8 oz.), SKU3045, Hill's® Prescription Diet® k/d® Canine Kidney Care Chicken & Vegetable Stew (12.5 oz.), SKU3395, Hill's® Prescription Diet® k/d® Canine Kidney Care Chicken & Vegetable Stew (5.5 oz.), SKU3396, Hill's® Prescription Diet® k/d® Canine Kidney Care Beef & Vegetable Stew (5.5 oz.), SKU3397, Hill's® Prescription Diet® k/d® Canine Kidney Care Beef & Vegetable Stew (12.5 oz.), SKU3398, Hill's® Prescription Diet® Metabolic Canine Weight Management Vegetable & Beef Stew (12.5 oz.), SKU3399, Hill's® Prescription Diet® Metabolic Canine Weight Management Vegetable & Chicken Stew (12.5 oz.), SKU3402, Hill's® Science Diet® Puppy Small & Toy Breed Chicken & Barley Entrée (5.8 oz.), SKU4965, Hill's® Science Diet® Adult Beef & Barley Entrée (5.8 oz.), SKU4966, Hill's® Science Diet® Adult Small & Toy Chicken & Barley Entrée (5.8 oz.), SKU4967, Hill's® Science Diet® Adult 7+ Beef & Barley Entrée (5.8 oz.), SKU4968, Hill's® Prescription Diet® a/d® Canine/Feline Urgent Care (5.5 oz.), SKU5670, Hill's® Prescription Diet® c/d® Multicare Canine Urinary Care Chicken Flavor (13 oz.), SKU7001, Hill's® Prescription Diet® d/d® Canine Skin/Food Sensitivities Duck Formula (13 oz.), SKU7003, Hill's® Prescription Diet® d/d® Canine Skin/Food Sensitivities Salmon Formula (13 oz.), SKU7004, Hill's® Prescription Diet® h/d® Canine Heart Care with Chicken (13 oz.), SKU7007, Hill's® Prescription Diet® l/d® Canine Liver Care Original Flavor (13 oz.), SKU7011, Hill's® Prescription Diet® s/d® Canine Urinary Care Original Flavor (13 oz.), SKU7015, Hill's® Prescription Diet® u/d® Canine Urinary Care Chicken Flavor (13 oz.), SKU7016, Hill's® Science Diet® Adult Perfect Weight Hearty

2.      Despite representations and express warranties regarding the safety and quality of these pet foods, Hill's manufactured and sold Hill's Products that failed to comply with Hill's representations regarding their manufacturing processes. Despite representations and express warranties regarding the safety and quality of these pet foods, Hill's manufactured and sold certain Hill's Products that allegedly contained excessive amounts of vitamin D or otherwise did not contain the level of Vitamin D that was warranted.

3.      Excess vitamin D can adversely affect the health of dogs by increasing the risk of illness or death.

4.      Because the Products contained or may have contained an undisclosed excess of vitamin D, pet owners throughout the United States purchased Hill's Products that were misrepresented and that did not conform to express warranties.

---

Vegetable & Chicken Stew (12.5 oz.), SKU10125, Hill's® Prescription Diet® w/d® Canine Digestive/Weight/Glucose Management Vegetable & Chicken Stew (5.5 oz.), SKU10128, Hill's® Prescription Diet® i/d® Stress Canine Digestive Care Rice, Vegetable & Chicken Stew (5.5 oz.), SKU10196, Hill's® Science Diet® Adult Healthy Cuisine Roasted Chicken, Carrots & Spinach Stew (12.5 oz.), SKU10450, Hill's® Science Diet® Youthful Vitality Adult 7+ Small & Chicken & Vegetable Stew (5.5 oz.), SKU10765, Hill's® Prescription Diet® k/d® + Mobility Canine Kidney + Joint Care Chicken & Vegetable Stew (12.5 oz.), SKU10853, Hill's® Science Diet® Puppy Small & Toy Breed Savory Stew with Chicken and Vegetables (3.5 oz.), SKU11122, Hill's® Science Diet® Adult Small & Toy Breed Savory Stew with Chicken and Vegetables (3.5 oz.), SKU11123, Hill's® Science Diet® Adult Small & Toy Breed Savory Stew with Beef & Vegetables (3.5 oz.), SKU11124, Hill's® Science Diet® Adult 7+ Small & Toy Breed Savory Stew with Chicken & Vegetables (3.5 oz.), SKU11125, Hill's® Science Diet® Adult Small & Toy Trays Savory Stew Can Variety Pack (3.5 oz.), SKU603490, Hill's® Science Diet® Adult Sensitive Stomach & Skin Chicken & Vegetable Entrée (12.8 oz.), and Hill's® Science Diet® Adult Sensitive Stomach & Skin Tender Turkey & Rice Stew (12.5oz), SKU 603957.

5.      This is a class action lawsuit on behalf of pet owners who purchased Hill's Products manufactured with undisclosed ingredients, which increased the risk of injury or death to their pets, or which caused actual injury or the death of their pets.

## PARTIES

6.      Plaintiff Michelle Black is a citizen of Pennsylvania and resides in Lemont. At various times during the period beginning on September 1, 2018 and ending on May 31, 2019 (the "Relevant Time Period"), Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

7.      Plaintiff Toni Blanchard is a citizen of Vermont and resides in Rutland. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

8.      Plaintiff Jack Blaser is a citizen of Kansas and resides in Ozawkie. At various times during the Relevant Time Period, Plaintiff purchasesd Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

9.      Plaintiff Jeremiah Will Brigham is a citizen of Nevada and resides in Incline Village. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

10.      Plaintiff Stacey Caskey is a citizen of North Carolina and resides in Mills River. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

11.      Plaintiff Kathy Capron is a citizen of New Hampshire and resides in Salisbury. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

12.     Plaintiff Megan Carter is a citizen of Maryland and resides in Glen Burnie. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

13.     Plaintiff Kristina Centers is a citizen of Ohio and resides in Monroe. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

14.     Plaintiff Linda Cole is a citizen of North Carolina and resides in Mooresville. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

15.     Plaintiff Jennifer Cromwell is a citizen of Nebraska and resides in Lincoln. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

16.     Plaintiff Kristin DeCroce is a citizen of Massachussets and resides in Cohasset. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

17.     Plaintiff Molly McDowell Dunston is a citizen of Oregon and resides in Bend. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

18.     Plaintiff Sarah Ecton is a citizen of New York and resides in Staten Island. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

19.    Plaintiff Sandra Walker Evans is a citizen of Louisiana and resides in New Orleans. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

20.    Plaintiff Jamie Fain is a citizen of Illinois and resides in Sycamore. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

21.    Plaintiff Beatrice Friedman is a citizen of New Jersey and resides in Bergenfield. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

22.    Plaintiff Maritza Galindo is a citizen of New Jersey and resides in Union. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

23.    Plaintiff Lafonda Guyton is a citizen of Alabama and resides in Killen. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

24.    Plaintiff Sally Hall is a citizen of New York and resides in Gansevoort. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

25.    Plaintiff Marc Haughaboo is a citizen of Alaska and resides in Chugiak. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

26.     Plaintiff Leiann Hawley is a citizen of Texas and resides in Temple. At various times during the Relevant Time Period, Plaintiff puchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

27.     Plaintiff Keith Heck is a citizen of Minnesota and resides in Sauk Rapids. At various times during the Relevant Time Period, Plaintiff puchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

28.     Plaintiff Janis Henderson is a citizen of Florida and resides in Cape Coral. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

29.     Plaintiff Melinda Hengel is a citizen of South Carolina and resides in Bluffton. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

30.     Plaintiff Jessie Hollister is a citizen of Colorado and resides in Louisville. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

31.     Plaintiff Sharon Hopkins is a citizen of Ohio and resides in Conneaut. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

32.     Plaintiff Claudia Hoyos is a citizen of Rhode Island and resides in Cumberland. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

33.     Plaintiff Janet Imfeld is a citizen of Ohio and resides in Hamilton. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

34.     Plaintiff Mary Ippisch is a citizen of Montana and resides in Superior. At various times during the Relevant Time Period, Plainitff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

35.     Plaintiff Brandy Jeter is a citizen of Missouri  and resides in Fair Grove. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

36.     Plaintiff Cara Kaufmann is a citizen of Connecticut and resides in Sandy Hook. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

37.     Plaintiff Allison Kay is a citizen of Alabama and resides in Birmingham. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

38.     Plaintiff Kevin Kelly is a citizen of New Jersey and resides in Middletown. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

39.     Plaintiff Marla King is a citizen of Iowa and resides in Shellsburg. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

40.     Plaintiff Kathy Klaassen is a citizen of Michigan and resides in Hudson. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

41.     Plaintiff TJ Knowland is a citizen of Indiana and resides in Greenwood. At various times during the Relevant Time Period, Plainitff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

42.     Plaintiff Teresa Krage is a citizen of Washington and resides in Shelton. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

43.     Plaintiff Lisette Kra is a citizen of New York  and resides in Queens. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

44.     Plaintiff Rosemary Lanctot is a citizen of Michigan and resides in Taylor. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

45.     Plaintiff Janet Laurin is a citizen of California and resides in Whittier. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

46.     Plaintiff Tammy Lechner is a citizen of Arizona and resides in Apache Junction. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

47.     Plaintiff Stephanie Lett is a citizen of Texas and resides in Arlington. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

48.      Plaintiff Sandra Lindquist is a citizen of Idaho and resides in Boise. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

49.     Plaintiff David Lovell is a citizen of Minnesota and resides in Newport. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

50.     Plaintiff Dan Marcus is a citizen of Colorado and resides in Monument. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

51.     Plaintiff Michael Markiewicz is a citizen of Arkansas and resides in Fairfield Bay. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

52.     Plaintiff Marnie McCown is a citizen of District of Columbia and resides in Washington. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

53.     Plaintiff Cheryl McMurray is a citizen of Oklahoma and resides in Oklahoma City. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

54.     Plaintiff Melissa Mendoza is a citizen of New Mexico and resides in Las Cruces. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

55.     Plaintiff Jeffrey Morris is a citizen of Tennessee and resides in Hixson. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

56.     Plaintiff Jennifer Naeve is a citizen of Iowa and resides in Dewitt. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

57.     Plaintiff Robert Neve is a citizen of Pennsylvania and resides in Coraopolis. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

58.     Plaintiff Kay Okahashi is a citizen of Washington and resides in Vancouver. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

59.     Plaintiff Mary Ponce is a citizen of Wyoming and resides in Jackson. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

60.     Plaintiff Robin Prebe is a citizen of Illinois and resides in Crestwood. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

61.     Plaintiff Susan Pyper is a citizen of Utah and resides in Midway. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

62.     Plaintiff Vanessa Roberts is a citizen of Idaho and resides in Nampa. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

63.     Plaintiff Karen Rohman is a citizen of Georgia and resides in Evans. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

64.     Plaintiff Taakena Ross is a citizen of Georgia and resides in Hiram. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

65.     Plaintiff Cheri Rusinack is a citizen of Pennsylvania and resides in Moscow. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

66.     Plaintiff Michael Russell is a citizen of Florida and resides in Gulf Breeze. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

67.     Plaintiff Crystal Russell is a citizen of West Virgina and resides in East Lynn. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

68.     Plaintiff Chuck Silveira is a citizen of Arizona and resides in Prescott. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

69.     Plaintiff Harmony Stidham is a citizen of New York and resides in Clay. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

70.     Plaintiff Kristal Summers is a citizen of Kentucky and resides in Louisville. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

71.     Plaintiff Catherine Teegarden is a citizen of Oregon and resides in Portland. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

72.     Plaintiff Andrew Tilles is a citizen of California and resides in Studio City. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

73.     Plaintiff Demetrios Tsiptsis is a citizen of Virginia and resides in Richmond. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

74.     Plaintiff Luann Tyborski is a citizen of Wisconsin and resides in Saint Francis. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

75.     Plaintiff Angela Wickham is a citizen of Maine and resides in South Portland. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

76.     Plaintiff June Yoshinaga Tiles is a citizen of Hawaii and resides in Ewa Beach. At various times during the Relevant Time Period, Plaintiff purchased Hill's Products and suffered economic damages related to the purchase of the Hill's Products.

77.     Defendant Hill's Pet Nutrition, Inc. is a corporation organized under the laws of Delaware. Hill's principal place of business is located at 400 Southwest 8th Street, Topeka, Kansas 66603.

78.     Defendant Hill's Pet Nutrition Sales, Inc. is a corporation organized under the laws of Delaware. Hill's principal place of business is located at 400 Southwest 8th Street, Topeka, Kansas 66603.

79.     Defendant Colgate is a corporation organized under the laws of Delaware. Colgate's principal executive office is located at 300 Park Avenue, New York, New York 10022.

80.     Colgate is the parent company of Hill's. Colgate exercises control over Hill's, and derived profit from the sale of the Hill's Products.

81.     Colgate takes an active role in the development, distribution, and marketing of Hill's products.  Colgate refers to Hill's as one of its trusted brands, acknowledging that "[t]he vast majority of Colgate products are manufactured in Colgate-owned facilities.  Colgate also has an extensive supply chain consisting of thousands of suppliers of raw and packing materials, manufacturing operating supplies, capital equipment, and other goods and services."

82.     In Colgate's Form 10-K for the fiscal year ending 2018, Colgate states that it has "two product segments: Oral, Personal and Home Care and Pet Nutrition." In that same 10-K,

Colgate states: "*Colgate*, through its Hill's Pet Nutrition segment . . . is a world leader in specialty pet nutrition products for dogs and cats with products marketed in over 80 countries and territories worldwide. . . Sales of Pet Nutrition products accounted for 15% of [Colgate's] total worldwide Net sales in 2018."

83.     In Colgate's 2018 Annual Report, it refers to Hill's Science Diet pet food as a Colgate "core business."

84.     Furthermore, Colgate holds all of its subsidiaries, including Hill's, to a uniform "CODE OF CONDUCT AND GLOBAL BUSINESS PRACTICE GUIDELINES" which governs, among other things, "Advertising and Advertising Placement," "Corporate Governance" and "Product Integrity."

85.     At all relevant times, as alleged more fully herein, each of the Defendants acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. The acts alleged below of each of the Defendants was done with the permission and consent of each of the other.

86.     At all times relevant hereto, Defendant Colgate was the alter ego of Defendant Hill's, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between them has ceased to exist in that Colgate completely controlled, dominated, managed, and operated Hill's to suit its convenience.

## JURISDICTION AND VENUE

87.     This Court has personal jurisdiction over Defendant Hill's because Hill's is headquartered within this District and much of the conduct at issue occurred in this District.

88.     This Court has personal jurisdiction over Defendant Colgate because through Hill's, its wholly owned subsidiary, it conducts substantial business in this District.

89.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because the proposed Class that Plaintiffs seek to represent includes residents from throughout the United States, the Class necessarily includes citizens from States other than the States of which Hill's and Colgate are citizens, *i.e.*, Delaware, Kansas and New York. Further, Plaintiffs allege the matter in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs. Finally, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

90.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant Hill's is headquartered within this District and much of the conduct at issue occurred in this District.

## FACTUAL ALLEGATIONS

### Defendants Market and Sell Their Dog Foods as Premium, Science-Based Products

91.     Hill's is a leading North American producer of pet food products sold in the United States and around the world by retailers, veterinarians, and veterinary clinics.  It produces and sells hundreds of thousands of containers of dog food annually.

92.     Hill's holds itself out to the public as a producer of safe, nutritious, and high-quality pet food.  As part of its marketing and sales, Hill's makes numerous representations and express warranties about the quality of its dog food and its manufacturing facilities and processes.

93.     Hill's manufactures, produces, distributes, and/or sells dog food products under various brand names, including "Prescription Diet" and "Science Diet."

94.     Hill's promotes and prices the Products as "premium" dog food by, among other things, uniformly labeling their Science Diet products as "VETERINARIAN RECOMMENDED" and its Prescription Diet products as providing "CLINICAL NUTRITION" and "THERAPEUTIC DOG NUTRITION."  The product labels further represent that the dog food "provides complete and balanced nutrition for maintenance of adult dogs and growing puppies."

95.     Hill's also claims that consumers should "[t]rust the Hill's standard - A proven commitment to quality and safety,"[2] as over 220 veterinarians, food scientists, technicians and Ph.D. nutritionists helped develop Hill's pet foods.[3]

96.     Hill's promises that "[w]e only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[4]

97.     "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves.  We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[5]

98.     Hill's assures its customers it uses "only high-quality ingredients."[6] It states: "We

---

[2]     Hill's Pet Nutrition, Inc., *Quality & Safety*, https://www.hillspet.com/about-us/quality-and-safety (last visited on September 10, 2020).

[3]     *Id*.

[4]     *Id*.

[5]     *Id*.

[6]     Hill's Pet Nutrition, Inc., *Science Diet*, https://www.hillspet.com/science-diet/dog-food. (last visited on September 10, 2020).

conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.  Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[7] Hill's also states: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need—and none they don't."[8]

99.     Hill's reassures its customers it has "[s]afety standards you can trust—Our quality and safety standards are so rigorous, they're modeled after human food manufacturers—so your pet gets a food made with their best interest in mind."[9]

100.    Because of these quality promises, consumers are willing to pay a premium price for Hill's products, and Hill's branded products are often triple the cost of similar dog foods.

**Defendants' Recall of Certain Dog Food Products Because of Excessive Vitamin D**

101.    On December 6, 2018, Hill's purportedly received an inquiry from a veterinarian, which Hill's claims triggered its internal investigation of certain canned food sold by Hill's.[10]

102.    Before any public announcement to its customers about the impending recall, Hill's notified its supplier, DSM Nutritional Products, LLC, that Hill's intended to recall some Hill's Prescription Diet W/D canned dog food because a dog that had consumed the product became ill.

103.    On January 30, 2019, DSM Nutritional informed the FDA that it was initiating a recall of approximately 2,500 kg of vitamin premix that spanned two production lots produced on August 8, 2018.  The brand name and product code for the recalled DSM product were identified

---

[7]     *Id.*
[8]     Hill's Pet Nutrition, Inc., *Nutritional Philosophy*, https://www.hillspet.com/about-us/nutritional-philosophy (last visited on September 12, 2020).
[9]     *Id.*
[10]    Letter, Greg Albus, Hill's Pet Nutrition, Inc. to Cheryl A. Bigham, FDA Kansas City District, March 12, 2019, App'x 1 at 8 n.11 (the "Hill's Letter to FDA").

as 2217 Canned Canine PMX, Product Code NP15268025. The implicated lot numbers are 9100058130 and 9100058131.[11]

104.   On January 31, 2019, nearly two months after the veterinarian call, Hill's announced its first recall of certain batches of its Prescription Diet and Science Diet canned products due to excessive levels of vitamin D.[12]

105.   In announcing the recall, Hill's acknowledged that its own testing of its dog food "confirmed elevated levels of vitamin D due to a supplier error."[13]

106.   After the initial recall on January 31, 2019, Hill's twice expanded that recall: on March 20, 2019, and again on May 20, 2019.[14] Hill's attributed the recall expansions to "the same vitamin premix received that led to the  January 31, 2019, voluntary recall."[15]

107.   Hill's tested samples of its raw ingredients and finished dog food that it or DSM Nutritional retained and found that the vitamin D levels in the premix used to manufacture the Products "contain[ed] roughly 30 times the target range of vitamin D3."[16] These vitamin D3 levels were:

- Raw Ingredient Supplier Retain = 29,030,939 IU/kg;
- Hill's Pet Nutrition Retain = 48,400,000 IU/kg;
- Finished Product PD Canine w/d Chicken Flavor 3rd party lab = 28,600 IU/kg;

---

[11]   January 30, 2019, FDA Enforcement Report, https://www.accessdata.fda.gov/scripts/ires/index.cfm?Product=171929 (last visited on September 12, 2020).

[12]   Hill's Pet Nutrition Voluntarily Recalls Select Canned Dog Food for Excessive Vitamin D, https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/hills-pet-nutrition-voluntarily-recalls-select-canned-dog-food-excessive-vitamin-d (last visited on September 12, 2020).

[13]   Id.

[14]   https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/hills-pet-nutrition-expands-voluntary-recall-select-canned-dog-food-elevated-vitamin-d (last visited on September 12, 2020).

[15]   Hill's Voluntary Canned Dog Food Recall: United States, https://www.hillspet.com/productlist. (last visited on September 12, 2020).

[16]   Hill's Letter to FDA, App'x 1 at 2.

- Finished Product PD Canine w/d Chicken Flavor 3rd party lab = 29,800 IU/kg and 30,400 IU/kg respectively.

108.    Per Hill's written specifications for its vitamin premix, the target range for vitamin D3 should be between 950 – 1,100 IU/g.17.[18] Upon information and belief, the inclusion of the mis-formulated premix in Hill's finished products resulted in the production of more than a million cases of toxic dog food.

## The Products Harmed and Even Killed Pets

109.    The intake of excessive vitamin D can poison dogs and cause them serious health issues or death.

110.    The intake of excessive vitamin D by a dog increases calcium, which is harmful to dogs' kidneys.   Symptoms of excessive vitamin D intake by a dog may include: vomiting, weakness, depression, loss of appetite, increased thirst (polydipsia), increased urination (polyuria), dark tarry feces containing blood, blood in vomit, loss of weight, constipation, seizures, muscle tremors, abdominal pain, excessive drooling, and joint issues.

111.    Vitamin D toxicity is a medical emergency that requires immediate treatment and hospitalization.

112.    Treating dogs with vitamin D toxicity is an expensive and laborious process often involving prolonged hospitalization.

113.    Due to the toxic levels of vitamin D in Hill's Products, dogs across the United States have fallen ill or died.

114.    Notices of the recall posted to Hill's Facebook and Twitter pages were overwhelmed with replies from distressed pet owners, many of whom claimed their dogs had

---

[17]     *Id.*
[18]     *Id.*

gotten extremely sick or died after consuming the Hill's Products.[19]

115.   By February 11, 2019, Hill's had received 85 consumer complaints reporting pet deaths.   After that date, "[t]he number of complaints received and being investigated has substantially increased . . . ."[20]

116.   Every purchaser of the recalled Products lost money by purchasing toxic food that was mispresented.  They additionally incurred costs associated with replacing the Products with a safe pet food (including sales tax or similar taxes); and incidental transaction costs associated with purchasing safe, non-contaminated pet food and/or in securing a refund for the Product.

117.   In addition, members of the Injured Pet Class (defined below) also incurred damages related to the sickness and/or death of their pets. These expenses include the substantial costs associated with obtaining veterinarian services and treatment and expenses related to disposing of beloved pets.

118.   Defendants manufactured, marketed, advertised, warranted, and sold, either directly or through its authorized distribution channels, the Products that caused Plaintiffs' and the Class members' damages. Plaintiffs and the Class members have been or will be forced to pay for damage caused by the excessive vitamin D in the Products.

119.   Defendants knew or should have known about the risks of injury, illness, or death posed by the Products before Plaintiffs fed the Products to their dogs.

120.   In conjunction with each sale, Defendants marketed, advertised, and warranted that the Products were fit for the ordinary purpose for which such goods are used, consumption by

---

[19]     Michael Brice-Saddler, *A dog food company recalled its products, but these grieving pet owners say it's too late*, WASHINGTONPOST.COM (Feb. 4, 2019), https://www.washingtonpost.com/science/2019/02/05/dog-food-company-recalled-its-products-these-grieving-pet-owners-say-its-too-late/ (last visited on September 10, 2020).
[20]     Hill's Letter to FDA, App'x 1 at 8.

household dogs, and were free from defects.

121.    The Products were intended to be placed in the stream of commerce and distributed, offered for sale, and sold to Plaintiffs and the Class members throughout the United States.

## FDA INVESTIGATION

122.    Immediately following the date of the original recall, the FDA conducted an inspection of Hill's manufacturing facility in Topeka.

123.    On February 19, 2019, the FDA issued an FDA Form 483 to Hill's. The FDA's Form 483 is "issued to firm management at the conclusion of an inspection when an investigator(s) has observed any conditions that in their judgment may constitute violations of the Food Drug and Cosmetic (FD&C) Act and related Acts."[21]

124.    The Form 483 listed the FDA's observations from this inspection, including Observation 1 that Hill's "did not implement preventive controls to ensure that any hazards requiring a preventive control are significantly minimized or prevented."[22] Even though the vitamin premix contained ingredients that Hill's had identified as "high risk chemical hazard[s]," Hill's had not done any analytical testing on the vitamin premix.[23]

125.    On March 12, 2019, Hill's submitted a written response to the FDA's Form 483. In this response, Hill's acknowledges numerous new requirements it is implementing to properly ensure the quality and safety of its products, measures that were not in place prior to the 2019 recalls. These requirements include requiring a Certificate of Analysis (the "COA") for every

---

[21]    Definition   of   Form   483,   https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/inspection-references/fda-form-483-frequently-asked-questions (last visited on September 10, 2020).

[22]    Hill's Letter to FDA, App'x 1 at 2.

[23]    *Id.*

vitamin premix lot and all trace material premixes[24] and increasing the frequency of audits of all suppliers controlling "hazards requiring preventive controls"[25]

## CLASS ACTION ALLEGATIONS

126.    Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of a proposed nationwide class and state subclasses.

127.    The proposed nationwide class is defined as follows:

**The Nationwide Class.** All persons who purchased Hill's Products in the United States within the Relevant Time Period.

Excluded from the Nationwide Class are: (a) Defendants, Defendants' board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

128.    Plaintiffs Guyton and Kay (the "Alabama Plaintiffs") also seek certification of the following Class (the "Alabama Class"):

All persons residing in Alabama who purchased Hill's Products within the Relevant Time Period.

129.    Plaintiff Haughaboo (the "Alaska Plaintiff") also seeks certification of the following Class (the "Alaska Class"):

All persons residing in Alaska who purchased Hill's Products within the Relevant Time Period.

130.    Plaintiffs Lechner and Silveira (the "Arizona Plaintiffs") also seek certification of the following Class (the "Arizona Class"):

All persons residing in Arizona who purchased Hill's Products within the Relevant Time Period.

---

[24]    *Id.* at 2.
[25]    *Id.* at App'x 1 at 8.

131.    Plaintiff Markiewicz (the "Arkansas Plaintiff") also seeks certification of the following Class (the "Arkansas Class"):

> All persons residing in Arkansas who purchased Hill's Products within the Relevant Time Period.

132.    Plaintiffs Laurin and Tilles (the "California Plaintiffs") also seek certification of the following Class (the "California Class"):

> All persons residing in California who purchased Hill's Products within the Relevant Time Period.

133.    Plaintiffs Hollister and Marcus (the "Colorado Plaintiffs") also seek certification of the following Class (the "Colorado Class"):

> All persons residing in Colorado who purchased Hill's Products within the Relevant Time Period.

134.    Plaintiff Kaufmann (the "Connecticut Plaintiff") also seeks certification of the following Class (the "Connecticut Class"):

> All persons residing in Connecticut who purchased Hill's Products within the Relevant Time Period.

135.    Plaintiff McCown (the "District of Columbia Plaintiff") also seeks certification of the following Class (the "District of Columbia Class"):

> All persons residing in District of Columbia who purchased Hill's Products within the Relevant Time Period.

136.    Plaintiffs Henderson and Russell (the "Florida Plaintiffs") also seek certification of the following Class (the "Florida Class"):

> All persons residing in Florida who purchased Hill's Products within the Relevant Time Period.

137.    Plaintiffs Rohman and Ross (the "Georgia Plaintiffs") also seek certification of the following Class (the "Georgia Class"):

All persons residing in Georgia who purchased Hill's Products within the Relevant Time Period.

138.    Plaintiff Yoshinaga Tiles (the "Hawaii Plaintiff") also seeks certification of the following Class (the "Hawaii Class"):

All persons residing in Hawaii who purchased Hill's Products within the Relevant Time Period.

139.    Plaintiffs Lindquist and Roberts (the "Idaho Plaintiffs") also seek certification of the following Class (the "Idaho Class"):

All persons residing in Idaho who purchased Hill's Products within the Relevant Time Period.

140.    Plaintiffs Fain and Prebe (the "Illinois Plaintiffs") also seek certification of the following Class (the "Illinois  Class"):

All persons residing in Illinois who purchased Hill's Products within the Relevant Time Period.

141.    Plaintiff Knowland (the "Indiana Plaintiff") also seeks certification of the following Class (the "Indiana Class"):

All persons residing in Indiana who purchased Hill's Products within the Relevant Time Period.

142.    Plaintiffs King and Naeve (the "Iowa Plaintiffs") also seek certification of the following Class (the "Iowa Class"):

All persons residing in Iowa who purchased Hill's Products within the Relevant Time Period.

143.    Plaintiff Blaser (the "Kansas Plaintiff") also seeks certification of the following Class (the "Kansas Class"):

All persons residing in Kansas who purchased Hill's Products within the Relevant Time Period.

144.    Plaintiff Summers (the "Kentucky Plaintiff") also seeks certification of the

following Class (the "Kentucky Class"):

> All persons residing in Kentucky who purchased Hill's Products within the Relevant Time Period.

145.    Plaintiff Evans (the "Louisiana Plaintiff") also seeks certification of the following Class (the "Louisiana Class"):

> All persons residing in Louisiana who purchased Hill's Products within the Relevant Time Period.

146.    Plaintiff Wickham (the "Maine Plaintiff") also seeks certification of the following Class (the "Maine Class"):

> All persons residing in Maine who purchased Hill's Products within the Relevant Time Period.

147.    Plaintiff Carter (the "Maryland Plaintiff") also seeks certification of the following Class (the "Maryland Class"):

> All persons residing in Maryland who purchased Hill's Products within the Relevant Time Period.

148.    Plaintiff DeCroce (the "Massachusetts Plaintiff") also seeks certification of the following Class (the "Massachusetts Class"):

> All persons residing in Massachusetts who purchased Hill's Products within the Relevant Time Period.

149.    Plaintiffs Klaassen and Lanctot (the "Michigan Plaintiffs") also seek certification of the following Class (the "Michigan Class"):

> All persons residing in Michigan who purchased Hill's Products within the Relevant Time Period.

150.    Plaintiffs Heck and Lovell (the "Minnesota Plaintiffs") also seek certification of the following Class (the "Minnesota Class"):

> All persons residing in Minnesota who purchased Hill's Products within the Relevant Time Period.

151.    Plaintiff Jeter (the "Missouri Plaintiff") also seeks certification of the following Class (the "Missouri Class"):

> All persons residing in Missouri who purchased Hill's Products within the Relevant Time Period.

152.    Plaintiff Ippisch (the "Montana Plaintiff") also seeks certification of the following Class (the "Montana Class"):

> All persons residing in Montana who purchased Hill's Products within the Relevant Time Period.

153.    Plaintiff Cromwell (the "Nebraska Plaintiff") also seeks certification of the following Class (the "Nebraska Class"):

> All persons residing in Nebraska who purchased Hill's Products within the Relevant Time Period.

154.    Plaintiff Brigham (the "Nevada Plaintiff") also seeks certification of the following Class (the "Nevada Class"):

> All persons residing in Nevada who purchased Hill's Products within the Relevant Time Period.

155.    Plaintiff Capron (the "New Hampshire Plaintiff") also seeks certification of the following Class (the "New Hampshire Class"):

> All persons residing in New Hampshire who purchased Hill's Products within the Relevant Time Period.

156.    Plaintiffs Friedman, Galindo, and Kelly (the "New Jersey Plaintiffs") also seek certification of the following Class (the "New Jersey Class"):

> All persons residing in New Jersey who purchased Hill's Products within the Relevant Time Period.

157.    Plaintiff Mendoza (the "New Mexico Plaintiff") also seeks certification of the following Class (the "New Mexico Class"):

All persons residing in New Mexico who purchased Hill's Products within the Relevant Time Period.

158.    Plaintiffs Ecton, Hall, Kra and Stidham (the "New York Plaintiffs") also seek certification of the following Class (the "New York Class"):

All persons residing in New York who purchased Hill's Products within the Relevant Time Period.

159.    Plaintiffs Caskey and Cole (the "North Carolina Plaintiffs") also seek certification of the following Class (the "North Carolina Class"):

All persons residing in North Carolina who purchased Hill's Products within the Relevant Time Period.

160.    Plaintiffs Centers, Hopkins, and Imfeld (the "Ohio Plaintiffs") also seek certification of the following Class (the "Ohio Class"):

All persons residing in Ohio who purchased Hill's Products within the Relevant Time Period.

161.    Plaintiff McMurray (the "Oklahoma Plaintiff") also seeks certification of the following Class (the "Oklahoma Class"):

All persons residing in Oklahoma who purchased Hill's Products within the Relevant Time Period.

162.    Plaintiffs Dunston and Teegarden (the "Oregon Plaintiffs") also seek certification of the following Class (the "Oregon Class"):

All persons residing in Oregon who purchased Hill's Products within the Relevant Time Period.

163.    Plaintiffs Black, Neve, and Rusinack (the "Pennsylvania Plaintiffs") also seek certification of the following Class (the "Pennsylvania Class"):

All persons residing in Pennsylvania who purchased Hill's Products within the Relevant Time Period.

164.    Plaintiff Hoyos (the "Rhode Island Plaintiff") also seeks certification of the

following Class (the "Rhode Island Class"):

> All persons residing in Rhode Island who purchased Hill's Products within the Relevant Time Period.

165.    Plaintiff Hengel (the "South Carolina Plaintiff") also seeks certification of the following Class (the "South Carolina Class"):

> All persons residing in South Carolina who purchased Hill's Products within the Relevant Time Period.

166.    Plaintiff Morris (the "Tennessee Plaintiff") also seeks certification of the following Class (the "Tennessee Class"):

> All persons residing in Tennessee who purchased Hill's Products within the Relevant Time Period.

167.    Plaintiffs Hawley and Lett (the "Texas Plaintiffs") also seek certification of the following Class (the "Texas Class"):

> All persons residing in Texas who purchased Hill's Products within the Relevant Time Period.

168.    Plaintiff Pyper (the "Utah Plaintiff") also seeks certification of the following Class (the "Utah Class"):

> All persons residing in Utah who purchased Hill's Products within the Relevant Time Period.

169.    Plaintiff Blanchard (the "Vermont Plaintiff") also seeks certification of the following Class (the "Vermont Class"):

> All persons residing in Vermont who purchased Hill's Products within the Relevant Time Period.

170.    Plaintiff Tsiptsis (the "Virginia Plaintiff") also seeks certification of the following Class (the "Virginia Class"):

> All persons residing in Virginia who purchased Hill's Products within the Relevant Time Period.

171.    Plaintiffs Krage and Okahashi (the "Washington Plaintiffs") also seek certification of the following Class (the "Washington Class"):

> All persons residing in Washington who purchased Hill's Products within the Relevant Time Period.

172.    Plaintiff Russell (the "West Virginia Plaintiff") also seeks certification of the following Class (the "West Virginia Class"):

> All persons residing in West Virginia who purchased Hill's Products within the Relevant Time Period.

173.    Plaintiff Tyborski (the "Wisconsin Plaintiff") also seeks certification of the following Class (the "Wisconsin Class"):

> All persons residing in Wisconsin who purchased Hill's Products within the Relevant Time Period.

174.    Plaintiff Ponce (the "Wyoming Plaintiff") also seeks certification of the following Class (the "Wyoming Class"):

> All persons residing in Wyoming who purchased Hill's Products within the Relevant Time Period.

175.    Plaintiffs reserve the right to alter the Class definitions as they deem necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Kansas, and applicable precedent allow.

176.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

177.    <u>Numerosity - Rule 23(a)(1)</u>: The size of the Nationwide Class and each of the state Classes is so large that joinder of all Class members is impracticable. Due to the nature of

Defendants' business and the size of the recalls, Plaintiffs believe there are hundreds or thousands of Class members geographically dispersed throughout the United States and hundreds or thousands of Class members in each state.

178.   Existence and Predominance of Common Questions of Law and Fact - Rule 23(a)(2), (b)(3): There are questions of law and fact common to the Nationwide Class and each of the state Classes. These questions predominate over any questions affecting only individual Class members. Common legal and factual questions include but are not limited to:

a.   whether Defendants sold pet food Products that had excessive levels of vitamin D;

b.   whether Defendants advertised, represented, or held itself out as producing or manufacturing pet food Products that were safe for pets to consume;

c.   whether Defendants expressly warranted the Products;

d.   whether Defendants purported to disclaim any express warranty;

e.   whether Defendants purported to disclaim any implied warranty;

f.   whether any limitation on warranty fails to meet its essential purpose;

g.   whether Defendants intended for Plaintiffs, the Class members, and others to purchase the Products;

h.   whether Defendants intended or foresaw that Plaintiffs, the Class members, and others would feed the Products to their pets;

i.   whether and in what manner Defendants were negligent in manufacturing or processing the Products;

j.   whether using the Products as intended (to feed pets) resulted in injury or damages to the Injured Pet Class members;

k.   whether Defendants' negligence proximately caused loss, injury, or damages to the Class members;

l.   whether the Class members suffered direct losses or damages;

m.   whether the Class members suffered indirect losses or damages;

n.   whether the Class members are entitled to actual or other forms of damages and other monetary relief; and

o.   whether the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

179.   Defendants engaged in a common course of conduct in contravention of the laws Plaintiffs seek to enforce individually and on behalf of the Class members. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will substantially advance the resolution of the case.

180.   Typicality - Rule 23(a)(3): Plaintiffs' claims are typical of the claims of the members of the Nationwide Class and each of the state Classes because Defendants injured all Class members through the uniform misconduct described herein; all Class members suffered injury due to Defendants' defective Products; and Plaintiffs seek the same relief as the Class members. Furthermore, there are no defenses available to Defendants that are unique to Plaintiffs.

181.   Adequacy of Representation - Rule 23(a)(4): Plaintiffs are fair and adequate representatives of the Nationwide Class and each of the state Classes because Plaintiffs' interests do not conflict with the Class members' interests. Plaintiffs will prosecute this action vigorously and are highly motivated to seek redress against Defendants. Furthermore, Plaintiffs have selected competent counsel who are experienced in class action and other complex litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

182.   Superiority - Rule 23(b)(3): The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including

but not limited to the following:

    a.    The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendants' conduct.

    b.    Further, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

    c.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

    d.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

183.     Notice: Plaintiffs and their counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. § 2301, *et seq.*
## (On behalf of the Nationwide Class and each State Class)

184.     Plaintiffs incorporate by reference and reallege and incorporate by reference each allegation set forth above and further allege as follows.

185.     Plaintiffs bring this Count individually and on behalf of the members of the Nationwide Class and each State Class.

186.     Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

187.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

188.     Plaintiffs purchased Hill's Products costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2301(d)(3)(A).

189.     Defendants are a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

190.     In connection with the sale of the Products, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things, "[s]upport [] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect [] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet [ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendants in connection with the sale of the Products were that "We only accept ingredients from suppliers

whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

191.    Defendants breached these written warranties because the Products contained excessive and toxic levels of vitamin D dangerous to pet health.

192.    By reason of Defendants' breach of the written warranties, Defendants violated the statutory rights due Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.,* thereby damaging Plaintiffs and Class members.

193.    Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendants notice thereof.

## COUNT 2

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (On behalf of the Nationwide Class and each State Class)

194.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

195.    Plaintiffs bring this claim for breach of implied warranty against Defendants on behalf of the Nationwide Class and each State Class.

196.    Defendants manufactured, marketed, sold, and distributed the Products.

197.    At the time Defendants marketed, sold, and distributed the Products, Defendants knew of the purpose for which the Products were intended and impliedly warranted that the Products were of merchantable quality and safe and fit for such use.

198.    Plaintiffs and the Class members reasonably relied upon the skill, superior knowledge, and judgment of Defendants as to whether the Products were of merchantable quality and safe and fit for their intended use.

199.    Plaintiffs and the Class members could not have known about the risks associated

with the Products until after ingestion by their pets.

200.    Contrary to Defendants' implied warranty, the Products were not of merchantable quality and were not safe or fit for their intended use.

201.    As a direct and proximate result of Defendants' breach of implied warranty, Plaintiffs and the Class members suffered damages as alleged herein.

202.    Therefore, Plaintiffs pray for relief as set forth below.

## COUNT 3

### BREACH OF EXPRESS WARRANTY
### (On behalf of the Nationwide Class and each State Class)

203.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

204.    Plaintiffs bring this claim for breach of express warranty against Defendants on behalf of the Nationwide Class and each State Class.

205.    Defendants expressly warranted to Plaintiffs and the Class members that the Products were safe for consumption by pets.

206.    The Products did not conform to these express representations because the Products are not safe and cause serious side effects in dogs, including illness and death.

207.    As a direct and proximate result of Defendants' breaches of its express warranties to Plaintiffs and the Class members, and as the direct and legal result of the defect condition of the Products as manufactured and/or supplied by Defendants, and other wrongdoing of Defendants described herein, Plaintiffs and the Class members suffered damages.

208.    Therefore, Plaintiffs pray for relief as set forth below.

## COUNT 4

## NEGLIGENCE
### (On behalf of each State Class)

209.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

210.     Plaintiffs bring this claim for negligence against Defendants on behalf of each State Class.

211.     Plaintiffs and the Class, as pet owners, were within the foreseeable zone of risk of injury or other losses in the event Defendants' Products were defective or contaminated or otherwise negligently formulated, manufactured, or produced, which risks Defendants knew or should have known.

212.     Defendants owed Plaintiffs and the Class members a duty to offer only safe, non-contaminated products for consumption by Plaintiffs' and the Class members' household pets.

213.     Through its failure to exercise due care, Defendants breached this duty by producing, processing, manufacturing, and offering for sale the Products in a defective condition that was unhealthy and injurious to Plaintiffs' and the Class members' pets.

214.     Additionally, Defendants breached its duty of care to Plaintiffs and the Class members by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and by failing to take sufficient measures to prevent the Products from being offered for sale, sold, or fed to pets.

215.     Defendants knew, or in the exercise of reasonable care should have known, that the Products presented an unacceptable risk of harm to the pets of Plaintiffs and the Class members and would result in damage that was foreseeable and reasonably avoidable.

216.     As a direct and proximate result of Defendants' negligence, Plaintiffs and the Class

members have suffered loss and damages.

217.     Therefore, Plaintiffs pray for relief as set forth below.

## COUNT 5

### STRICT PRODUCT LIABILITY
### (On behalf of each State Class)

218.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

219.     Plaintiffs bring this claim for strict product liability design defect against Defendants on behalf of each State Class.

220.     Defendants are the producer, manufacturer, and/or distributor of the Products.

221.     Defendants' Products left Defendants' possession in an unreasonably dangerous condition.

222.     Defendants' products reached Plaintiffs and the Class members without substantial change in condition, as expected.

223.     The Products, which, among other potential defects, contained toxic levels of vitamin D, were in an unreasonably dangerous condition because (a) they failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable to Defendants; and (b) because the foreseeable risks of using the Products outweighed the benefits of their use.

224.     Plaintiffs and the Class members used the products as intended and in a manner reasonably foreseeable to Defendants.

225.     As the direct and foreseeable result of the defective condition of the Products as produced, manufactured, and/or distributed by Defendants, Plaintiffs and the Class members

suffered damages.

226.    Therefore, Plaintiffs pray for relief as set forth below.

## COUNT 6

### UNJUST ENRICHMENT
### (On behalf of each State Class)

227.    Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

228.    Plaintiffs bring this claim for unjust enrichment against Defendants on behalf of each State Class.

229.    As a direct, proximate, and foreseeable result of Defendants' acts and otherwise wrongful conduct, Plaintiffs and the Class members conferred a benefit on Defendants and consequently suffered damages. Defendants profited and benefited from the sale of the Products, even as the Products caused Plaintiffs and the Class members to incur damages.

230.    Defendants voluntarily accepted and retained these profits and benefits, derived from Plaintiffs and the Class members, with full knowledge and awareness that as a result of Defendants' wrongdoing, consumers including Plaintiffs and the Class members were not receiving Products of the quality, nature, fitness, or value that had been represented by Defendants or that reasonable consumers expected. Plaintiffs and the Class members purchased pet food that they expected would be safe and healthy for their pets and instead have now had to endure the serious injury, illness, hospitalization, and/or death of their beloved pets.

231.    Defendants continue to possess monies paid by Plaintiffs and the Class members to which Defendants are not entitled.

232.    Under the circumstances it would be inequitable for Defendants to retain the

benefits conferred upon them, and Defendants' retention of these benefits violates fundamental principles of justice, equity, and good conscience.

233.    Plaintiffs and the Class members hereby seek the disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

234.    Therefore, Plaintiffs pray for relief as set forth below.

## COUNT 7

## VIOLATIONS OF ALABAMA CONSUMER PROTECTION ACT,
### Ala. Code §§ 8-19-1, *et seq.*
### (On behalf of the Alabama Class)

235.    The Alabama Plaintiffs identified above, individually and on behalf of the Alabama Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

236.    Defendants are a "person" as defined by Ala. Code § 8-19-3(5).

237.    Alabama Plaintiffs and the other Alabama Class members are "consumers" as defined by Ala. Code § 8-19-3(2).

238.    Defendants received notice pursuant to Ala. Code § 8-19-10(e) concerning its wrongful conduct as alleged herein by Alabama Plaintiffs and Alabama Class members.

239.    Defendants advertised, offered, or sold goods or services in Alabama, and engaged in trade or commerce directly or indirectly affecting the people of Alabama.

240.    Defendants engaged in deceptive acts and practices in the conduct of trade or commerce, in violation of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5, by, among other things, representing that Hill's Products have, characteristics, ingredients, uses, benefits, or qualities that they do not have, in violation of § 8-19-5(5).

241.    Defendants' representations and omissions were material because they were likely to deceive ordinary, reasonable consumers.

242.    As a direct and proximate result of Hill's deceptive acts and practices, Alabama Plaintiffs and Alabama Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

243.    Defendants' deceptive acts and practices caused substantial injury to Alabama Plaintiffs and Alabama Class members, which they could not reasonably avoid, and which outweighed any benefits to consumers or to competition.

244.    Alabama Plaintiffs and the Alabama Class members seek all monetary and non-monetary relief allowed by law, including the greater of (a) actual damages or (b) statutory damages of $100; treble damages; injunctive relief; attorneys' fees, costs, and any other relief that is just and proper.

## COUNT 8

### VIOLATIONS OF ALASKA CONSUMER PROTECTION ACT,
### Alaska Stat. §§ 45.50.471, *et seq.*
### (On behalf of the Alaska Class)

245.    The Alaska Plaintiff identified above, individually and on behalf of the Alaska Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

246.    Defendants advertised, offered, or sold goods or services in Alaska and engaged in trade or commerce directly or indirectly affecting the people of Alaska.

247.    The Alaska Plaintiff and Alaska Class members are "consumers" as defined by Alaska Stat. § 45.50.561(4).

248.    Defendants engaged in unfair or deceptive acts and practices in the conduct of trade

or commerce, in violation Alaska Stat. § 45.50.471(4), by, among other things, representing that the Hill's Products have characteristics, ingredients, uses, benefits, or qualities that they do not have. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

249.    As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Alaska Plaintiff and Alaska Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain.

250.    The Alaska Plaintiff and the Alaska Class members seek all monetary and non-monetary relief allowed by law, including the greater of (a) three times their actual damages or (b) statutory damages in the amount of $500; punitive damages; reasonable attorneys' fees and costs; injunctive relief; and any other relief that is necessary and proper.

## COUNT 9

### VIOLATIONS OF ARIZONA CONSUMER FRAUD ACT,
### Ariz. Rev. Stat. §§ 44-1521, *et seq*.
#### (On behalf of the Arizona Class)

251.    The Arizona Plaintiffs identified above, individually and on behalf of the Arizona Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

252.    Defendants are each a "person" as defined by Ariz. Rev. Stat. § 44-1521(6).

253.    Defendants advertised, offered, or sold goods or services in Arizona and engaged in trade or commerce directly or indirectly affecting the people of Arizona.

254.    Defendants engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts affecting the people of Arizona in connection with the sale and advertisement of "merchandise" (as defined in Arizona Consumer

Fraud Act, Ariz. Rev. Stat. § 44-1521(5)) in violation of Ariz. Rev. Stat. § 44-1522(A).

255.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

256.     As a direct and proximate result of Defendants' deceptive acts and practices, Arizona Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

257.     Arizona Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including compensatory damages; disgorgement; punitive damages; injunctive relief; and reasonable attorneys' fees and costs.

## COUNT 10

### ARKANSAS DECEPTIVE TRADE PRACTICES ACT,
### Ark. Code Ann. §§ 4-88-101, *et seq.*
### (On behalf of the Arkansas Class)

258.     The Arkansas Plaintiff identified above, individually and on behalf of the Arkansas Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

259.     Defendants are each a "person" as defined by Ark. Code Ann. § 4-88-102(5).

260.     Defendants' products and services are "goods" and "services" as defined by Ark. Code Ann. §§ 4-88-102(4) and (7).

261.     Defendants advertised, offered, or sold goods or services in Arkansas and engaged in trade or commerce directly or indirectly affecting the people of Arkansas.

262.     The Arkansas Deceptive Trade Practices Act (the "ADTPA"), Ark. Code Ann. §§ 4-88-101, *et seq.*, prohibits unfair, deceptive, false, and unconscionable trade practices.

263.     Defendants engaged in acts of deception and false pretense in connection with the

sale and advertisement of services in violation of Ark. Code Ann. § 4-88-1-8(1) and concealment, suppression and omission of material facts, with intent that others rely upon the concealment, suppression or omission in violation of Ark. Code Ann. § 4-88-1-8(2), and engaged in deceptive and unconscionable trade practices defined in Ark. Code Ann. § 4-88-107.

264.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

265.    As a direct and proximate result of Defendants' unconscionable, unfair, and deceptive acts or practices and the Arkansas Plaintiff and Class members' reliance thereon, the Arkansas Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products by making misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

266.    The Arkansas Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual financial losses; injunctive relief; and reasonable attorneys' fees and costs.

## COUNT 11

### VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW,
### Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL")
### (On behalf of the California Class)

267.    The California Plaintiffs identified above, individually and on behalf of the California Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

268.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

269.     The   acts,   omissions,   misrepresentations,   practices,   and   non-disclosures   of Defendants as alleged herein constitute business acts and practices.

270.     Unlawful:   The  acts  alleged  herein  are  "unlawful"  under  the  UCL  in  that  they violate at least the following laws:

a.       The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.;

b.       The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.;

c.       The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, *et seq*.; and

d.       The  California  Sherman  Food,  Drug,  and  Cosmetic  Law,  Cal.  Health  &  Safety Code §§ 110100, *et seq*.

271.     Unfair: Defendants' conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

272.     Defendants'  conduct  with  respect  to  the  labeling,  advertising,  and  sale  of  the Products was and is also unfair because it violates public policy as declared by specific constitutional,  statutory  or  regulatory  provisions,  including  but  not  limited  to  the  applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

273.     Defendants'  conduct  with  respect  to  the  labeling,  advertising,  and  sale  of  the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

274.     Fraudulent:  A statement or practice is "fraudulent" under the UCL if it is likely to

mislead or deceive the public, applying an objective reasonable consumer test.

275.    As set forth herein, Defendants' claims relating the ingredients stated on the Products' labeling and moreover Defendants' representations about quality, ingredient supply, and product manufacturing and oversight, as stated above, are false and/or likely to mislead or deceive the public.

276.    Defendants profited from the sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

277.    California Plaintiffs and Class members are likely to continue to be damaged by Defendants' deceptive trade practices, because Defendants continue to disseminate misleading information on the Products' packaging. Thus, injunctive relief enjoining Defendants' deceptive practices is proper.

278.    Defendants' conduct caused and continues to cause substantial injury to California Plaintiffs and Class members.  California Plaintiffs and Class members have suffered injury in fact as a result of Defendants' unlawful conduct.

279.    In accordance with Bus. & Prof. Code § 17203, California Plaintiffs seek an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

280.    California Plaintiffs and Class members also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

## COUNT 12

## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW,
### Cal. Bus. & Prof. Code § 17500 (the "FAL")
**(On behalf of the California Class)**

281.     The California Plaintiffs identified above, individually and on behalf of the California Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

282.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

283.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

284.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendants relating to the Products misled consumers acting reasonably as to Defendants' representations about quality, ingredient supply, and product manufacturing and oversight, as stated above.

285.     California Plaintiffs suffered injury in fact as a result of Defendants' actions as set forth herein because they purchased the Products in reliance on Defendants' false and misleading labeling claims concerning the Products', among other things, quality, ingredient supply, and product manufacturing and oversight, as stated above.

286.     Defendants' business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendants have advertised the Products in a manner that is untrue and misleading, which Defendants knew or reasonably should have known, and omitted material information from their advertising.

287.     Defendants profited from the sale of the falsely and deceptively advertised Products

to unwary consumers.

288.     As a result, California Plaintiffs, California Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

289.     Pursuant to Cal. Bus. & Prof. Code § 17535, California Plaintiffs, on behalf of members of the California subclasses, seek an order enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## COUNT 13

### VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT,
### Cal. Civ. Code § 1750, *et seq*. (the "CLRA")
### (On behalf of the California Class)

290.     The California Plaintiffs identified above, individually and on behalf of the California Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

291.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

292.     Defendants' false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by California Plaintiffs and Class members, and violated and continue to violate the following sections of the CLRA:

a.     § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.      § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

293.    Defendants profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

294.    Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

295.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiffs provided a letter to Defendants with notice of their alleged violations of the CLRA, demanding that Defendants correct such violations, and providing them with the opportunity to correct their business practices. If Defendants do not thereafter correct their business practices, Plaintiffs will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

296.    Pursuant to California Civil Code § 1780, California Plaintiffs seek injunctive relief, their reasonable attorney fees and costs, and any other relief that the Court deems proper.

## COUNT 14

## VIOLATIONS OF COLORADO CONSUMER PROTECTION ACT,
### Colo. Rev. Stat. §§ 6-1-101, *et seq*.
### (On behalf of the Colorado Class)

297.    The Colorado Plaintiffs identified above, individually and on behalf of the Colorado Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

298.    Defendants are each a "person" as defined by Colo. Rev. Stat. § 6-1-102(6).

299.    Defendants engaged in "sales" as defined by Colo. Rev. Stat. § 6-1-102(10).

300.    The Colorado Plaintiffs and Class members, as well as the general public, are actual or potential consumers of the products and services offered by Defendants or their successors in interest to actual consumers.

301.    Defendants engaged in deceptive trade practices in the course of their business, in violation of Colo. Rev. Stat. § 6-1-105(1)(g), by, among other things, representing that the Hill's Products are of a particular standard, quality, or grade, while they knew or should know that they are of another.

302.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

303.    As a direct and proximate result of Defendants' deceptive trade practices, Colorado Plaintiffs and Class members suffered injuries to their legally protected interests.

304.    Defendants' deceptive trade practices significantly impact the public, because Hill's is one of the largest dog food manufacturers in the country.

305.    The Colorado Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including the greater of: (a) actual damages, or (b) $500, or (c) three times actual damages (for Defendants' bad faith conduct); injunctive relief; and reasonable attorneys' fees and costs.

**COUNT 15**

**VIOLATIONS OF CONNECTICUT TRADE PRACTICES ACT,**
**Conn. Gen. Stat. §§ 42-110g, *et seq.***
**(On behalf of the Connecticut Class)**

306.    The Connecticut Plaintiff identified above, individually and on behalf of the Connecticut Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged

herein.

307.    Defendants are each a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

308.    Defendants are engaged in "trade" or "commerce" as those terms are defined by Conn. Gen. Stat. § 42-110a(4).

309.    At the time of filing this Complaint, Plaintiffs have sent notice to the Attorney General and Commissioner of Consumer Protection pursuant to Conn. Gen. Stat. § 42-110g(c). Plaintiffs will provide a file-stamped copy of the Complaint to the Attorney General and Commissioner of Consumer Protection.

310.    Defendants advertised, offered, or sold goods or services in Connecticut, and engaged in trade or commerce directly or indirectly affecting the people of Connecticut.

311.    Defendants engaged in deceptive acts and practices and unfair acts and practices in the conduct of trade or commerce, in violation of the Conn. Gen. Stat. § 42-110b, by making misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

312.    As a direct and proximate result of Defendants' deceptive acts and practices, the Connecticut Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

313.    Defendants' deceptive acts and practices caused substantial, ascertainable injury to the Connecticut Plaintiff and Class members, which they could not reasonably avoid, and which outweighed any benefits to consumers or to competition.

314.    Defendants' violations of Connecticut law were done with reckless indifference to the Connecticut Plaintiff and Class members, or was with an intentional or wanton violation of

those rights.

315.     The Connecticut Plaintiff and Class members request damages in the amount to be determined at trial, including statutory and common law damages, attorneys' fees, and punitive damages.

## COUNT 16

## VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Fla. Stat. §§ 501.201, et seq. (On behalf of the Florida Class)

316.     The Florida Plaintiffs identified above, individually and on behalf of the Florida Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

317.     The Florida Plaintiffs and Class members are "consumers" as defined by Fla. Stat. § 501.203.

318.     Defendants advertised, offered, or sold goods or services in Florida and engaged in trade or commerce directly or indirectly affecting the people of Florida.

319.     Defendants engaged in unconscionable, unfair, and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. § 501.204(1).

320.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

321.     As a direct and proximate result of Defendants' deceptive acts and practices, Florida Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

322.     Florida Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual or nominal damages under Fla. Stat. § 501.21; declaratory and

injunctive relief; reasonable attorneys' fees and costs, under Fla. Stat. § 501.2105(1); and any other relief that is just and proper.

## COUNT 17

### VIOLATIONS OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Ga. Code Ann. §§ 10-1-390, *et seq.* (On behalf of the Georgia Class)

323.    The Georgia Plaintiffs identified above, individually and on behalf of the Georgia Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

324.    The Georgia Plaintiffs and Class members are "persons" within the meaning of § 10-1-371(5) of the Georgia Uniform Deceptive Trade Practices Act (the "Georgia UDTPA").

325.    Defendants received notice pursuant to Ga. Code Ann. § 10-1-399 concerning their wrongful conduct as alleged herein by Georgia Plaintiffs Class members

326.    Defendants engaged in deceptive trade practices in the conduct of their business, in violation of Ga. Code Ann. § 10-1-372(a)(5) by, among other things, representing that Hill's Products have characteristics, ingredients, uses, or benefits that they do not have. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

327.    As a direct and proximate result of Defendants' deceptive acts and practices, Georgia Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

328.    Georgia Plaintiffs and Class members seek all relief allowed by law, including injunctive relief, and reasonable attorneys' fees and costs, under Ga. Code Ann. § 10-1-373.

## COUNT 18

## VIOLATIONS OF HAWAII LAW
### Haw. Rev. Stat. § 480-1, et seq.
**(On behalf of the Hawaii Class)**

329.    The Hawaii Plaintiff identified above, individually and on behalf of the Hawaii Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

330.    The Hawaii Plaintiff and Class members are "consumers" within the meaning of Haw. Rev. Stat. § 480-1.

331.    Defendants are engaged in trade or commerce.

332.    The Hawaii Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Haw. Rev. Stat. § 480-2(a). In the course of their business, Defendants violated Haw. Rev. Stat. § 480-2(a) when, among other things, representing that Hill's Products have characteristics, ingredients, uses, or benefits that they do not have.

333.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

334.    As a direct and proximate result of Defendants' deceptive acts and practices, the Hawaii Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

335.    Pursuant to Haw. Rev. Stat. § 480-13, the Hawaii State Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and awarding damages, punitive damages, and any other just and proper relief available under the Hawaii Act.

336.    The Hawaii Plaintiff and Class members seek all monetary and non-monetary relief

allowed by law.

## COUNT 19

### VIOLATIONS OF HAWAII'S UNIFORM DECEPTIVE TRADE PRACTICES ACT
### Haw. Rev. Stat. Ann. § 481A-1
**(On behalf of the Hawaii Class)**

337.    The Hawaii Plaintiff identified above, individually and on behalf of the Hawaii Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

338.    The Hawaii Plaintiff and Defendants are each a "person" within the meaning of Haw. Rev. Stat. Ann. § 481A-2.

339.    Defendants are engaged in trade or commerce.

340.    Defendants' false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products by Hawaii Plaintiff and Class members, and violated and continue to violate the following sections of Hawaii's Uniform Deceptive Trade Practices Act in the course of Defendants' business, vocation, or occupation:

      a.    Haw. Rev. Stat. Ann. § 481A-3(a)(5): representing that goods have characteristics, uses, or benefits, that they do not have;

      b.    Haw. Rev. Stat. Ann. § 481A-3(a)(7): representing that goods are of a particular standard, quality, or grade, if they are of another;

      c.    Haw. Rev. Stat. Ann. § 481A-3(a)(9): advertising goods with intent not to sell them as advertised; and

      d.    Haw. Rev. Stat. Ann. § 481A-3(a)(12): engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

341.    Defendants' representations and omissions were material because they were likely

to deceive reasonable consumers.

342.    As a direct and proximate result of Defendants' deceptive acts and practices, the Hawaii Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

343.    Pursuant to Haw. Rev. Stat. Ann. § 481A-4(a), the Hawaii Plaintiff and Class seek an order enjoining Defendants' unfair and/or deceptive acts or practices, and any other just and proper relief available under Hawaii's Uniform Deceptive Trade Practices Act.

344.    Pursuant to Haw. Rev. Stat. Ann. § 481A-4(b), the Hawaii Plaintiff and Class members seek costs and attorneys' fees.

345.    Hawaii Plaintiff and Class members seek all monetary and non-monetary relief allowed by law.

### COUNT 20

### VIOLATIONS OF IDAHO CONSUMER PROTECTION ACT,
### Idaho Code §§ 48-601, *et seq.*
### (On behalf of the Idaho Class)

346.    The Idaho Plaintiffs identified above, individually and on behalf of the Idaho Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

347.    Defendants are each a "person" as defined by Idaho Code § 48-602(1).

348.    Defendants' conduct as alleged herein pertained to "goods" and "services" as defined by Idaho Code §§ 48-602(6) and (7).

349.    Defendants advertised, offered, or sold goods or services in Idaho and engaged in trade or commerce directly or indirectly affecting the people of Idaho.

350.    Defendants engaged in unfair and deceptive acts or practices, and unconscionable

acts and practices, in the conduct of trade and commerce with respect to the sale and advertisement of goods and services, in violation of Idaho Code § 48-603(5) by, among other things, representing that Hill's Products have characteristics, ingredients, uses, or benefits that they do not have.

351.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

352.    As a direct and proximate result of Defendants' deceptive acts and practices, the Idaho Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

353.    The Idaho Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## COUNT 21

### VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 Ill. Comp. Stat. §§ 505, *et seq*. (On behalf of the Illinois Class)

354.    The Illinois Plaintiffs identified above, individually and on behalf of the Illinois Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

355.    Defendants are each a "person" as defined by 815 Ill. Comp. Stat. § 505/1(c).

356.    The Illinois Plaintiffs and Class members are "consumers" as defined by 815 Ill. Comp. Stat. § 505/1(e).

357.    Defendants' conduct as described herein was in the conduct of "trade" or "commerce" as defined by 815 Ill. Comp. Stat. § 505/1(f).  Defendants' conduct is described in full detail above.

358.    Defendants' conduct constitutes deceptive, unfair, and unlawful trade acts or practices, in violation of 815 Ill. Comp. Stat. § 505/2.

359.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

360.    The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury that these consumers could not reasonably avoid; this substantial injury outweighed any benefit to consumers or to competition.

361.    As a direct and proximate result of Defendants' deceptive acts and practices, Illinois Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

362.    The Illinois Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including damages, restitution, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT 22

## VIOLATIONS OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 Ill. Comp. Stat. §§ 505, *et seq*.
### (On behalf of the Illinois Class)

363.    The Illinois Plaintiffs identified above, individually and on behalf of the Illinois Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

364.    Defendants are each a "person" as defined by 815 Ill. Comp. Stat. § 510/1(5).

365.    Defendants engaged in deceptive trade practices in the conduct of their business, in violation of 815 Ill. Comp. Stat. § 510/2(a) by making misrepresentations and false statements

concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

366. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

367. The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Illinois Plaintiffs and Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

368. As a direct and proximate result of Defendants' deceptive acts and practices, Illinois Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

369. The Illinois Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief and reasonable attorney's fees.

## COUNT 23

### VIOLATIONS OF INDIANA DECEPTIVE CONSUMER SALES ACT,
### Ind. Code §§ 24-5-0.5-1, *et seq.*
### (On behalf of the Indiana Class)

370. The Indiana Plaintiff identified above, individually and on behalf of the Indiana Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

371. Defendants are each a "person" as defined by Ind. Code § 24-5-0.5-2(a)(2).

372. Each Defendant is a "supplier" as defined by Ind. Code § 24-5-0.5-2(a)(3) because it regularly engages in or solicits "consumer transactions" within the meaning of Ind. Code § 24-5-0.5-2(a)(3)(A).

373. Defendants engaged in unfair, abusive, and deceptive acts, omissions, and practices

in connection with consumer transactions, in violation of Ind. Code § 24-5-0.5-3(a).

374.    Defendants' acts and practices were "unfair" because they caused or were likely to cause substantial injury to consumers which was not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.

375.    The injury to consumers from Defendants' conduct was and is substantial because it was non-trivial and non-speculative; and involved a monetary injury. The injury to consumers was substantial not only because it inflicted harm on a significant and unprecedented number of consumers, but also because it inflicted a significant amount of harm on each consumer.

376.    Defendants' acts and practices were "abusive" for numerous reasons (a) because they materially interfered with consumers' ability to understand a term or condition in a consumer transaction, interfering with consumers' decision-making; (b) because they took unreasonable advantage of consumers' lack of understanding about the material risks, costs, or conditions of a consumer transaction; consumers lacked an understanding of the material risks and costs of a variety of their transactions; (c) because they took unreasonable advantage of consumers' inability to protect their own interests; consumers could not protect their interests due to the asymmetry in information between them and Defendants; (d) because Defendants took unreasonable advantage of consumers' reasonable reliance that they were providing truthful and accurate information.

377.    Defendants also engaged in "deceptive" acts and practices in violation of Ind. Code § 24-5-0.5-3(a) and § 24-5-0.5-3(b) by (a) misrepresenting that the subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have and (b) misrepresenting that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is

not.

378.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

379.    Defendants received notice pursuant to Ind. Code § 24-5-0.5-5(a) concerning their wrongful conduct as alleged herein by Indiana Plaintiff and Class members. Defendants' conduct includes incurable deceptive acts that Defendants engaged in as part of a scheme, artifice, or device with intent to defraud or mislead, under Ind. Code § 24-5-0.5-2(a)(8).

380.    As a direct and proximate result of Defendants' uncured or incurable unfair, abusive, and deceptive acts or practices, the Indiana Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

381.    Defendants' violations present a continuing risk to Plaintiffs and Indiana Class members as well as to the general public.

382.    The Indiana Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including the greater of actual damages or $500 for each non-willful violation; the greater of treble damages or $1,000 for each willful violation; restitution; reasonable attorneys' fees and costs; injunctive relief; and punitive damages.

## COUNT 24

### VIOLATIONS OF IOWA'S PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT, Iowa Code §§ 714H, *et seq*. (On behalf of the Iowa Class)

383.    The Iowa Plaintiffs identified above, individually and on behalf of the Iowa Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

384.     Defendants are each a "person" as defined by Iowa Code § 714H.2(7).

385.     Plaintiffs and Iowa Class members are "consumers" as defined by Iowa Code § 714H.2(3).

386.      Defendants' conduct described herein violates Iowa Code § 714H.3(2)(f) because they engaged in "[a]n act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces." See Iowa Code § 714.16(1)(n). Defendants did this by advertising and promoting the health of the Products and their high-quality supply chain so consumers would purchase the Products. However, Defendants' faulty supply chain led to vitamin D poisoning of Plaintiffs' pets. Accordingly, Defendants engaged in unfair, deceptive, and unconscionable trade practices, in violation of the Iowa Private Right of Action for Consumer Frauds Act, as described throughout and herein.

387.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

388.     As a direct and proximate result of Defendants' deceptive acts and practices, the Iowa Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

389.     Plaintiffs have provided the requisite notice to the Iowa Attorney General, the office of which approved the filing of this class action lawsuit pursuant to Iowa Code § 714H.7.

390.     The Iowa Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT 25

## VIOLATIONS OF KANSAS CONSUMER PROTECTION ACT,
## Kan. Stat. Ann. § 50-623 *et seq.*
### (On behalf of the Kansas Class)

391.    The Kansas Plaintiff identified above, individually and on behalf of the Kansas Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

392.    Kan. Stat. Ann. § 50-623 *et seq.* is to be liberally construed to protect consumers from suppliers who commit deceptive and unconscionable practices.

393.    The Kansas Plaintiff and Class members are "consumers" as defined by Kan. Stat. Ann. § 50-624(b).

394.    The acts and practices described herein are "consumer transactions," as defined by Kan. Stat. Ann. § 50-624(c).

395.    Defendants are a "supplier" as defined by Kan. Stat. Ann. § 50-624(l).

396.    Defendants advertised, offered, or sold goods or services in Kansas and engaged in trade or commerce directly or indirectly affecting the people of Kansas.

397.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

398.     Hills engaged in deceptive acts and practices when they advertised that their dog food was of one quality, and it turned out to be of another. *See* Kan. Stat. Ann. § 50-626(b)(1)(D). Defendants also engaged in unconscionable acts and practices in connection with a consumer transaction, in violation of Kan. Stat. Ann. § 50-627 by making misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines, knowingly taking advantage of the inability of Kansas Plaintiff and the Class members to reasonably protect their interests, due to their lack of knowledge (*see* Kan. Stat. Ann. § 50-

627(b)(1)); and requiring the Kansas Plaintiff and Class members to enter into a consumer transaction on terms that Defendants knew were substantially one-sided in favor of Defendants (*see* Kan. Stat. Ann. § 50-627(b)(5)).

399.    The Kansas Plaintiff and Class members had unequal bargaining power with respect to their purchase and/or use of Hill's Products because of Defendants' omissions and misrepresentations.

400.    The above unfair, deceptive, and unconscionable practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Kansas Plaintiff and Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

401.    As a direct and proximate result of Defendants' deceptive acts and practices, the Kansas Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

402.    The Kansas Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including civil penalties or actual damages (whichever is greater), under Kan. Stat. Ann. §§ 50-634 and 50-636; injunctive relief; and reasonable attorneys' fees and costs.

### COUNT 26

### VIOLATIONS OF KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. §§ 367.110, *et seq.* (On behalf of the Kentucky Class)

403.    The Kentucky Plaintiff identified above, individually and on behalf of the Kentucky Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

404.    Defendants are each a "person" as defined by Ky. Rev. Stat. § 367.110(1).

405.     Defendants advertised, offered, or sold goods or services in Kentucky and engaged in trade or commerce directly or indirectly affecting the people of Kentucky, as defined by Ky. Rev. Stat. § 367.110(2).

406.     Defendants engaged in unfair, false, misleading, deceptive, and unconscionable acts or practices, in violation of Ky. Rev. Stat. § 367.170, as described herein.

407.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

408.     The Kentucky Plaintiff and Class members' purchased goods or services for personal, family, or household purposes and suffered ascertainable losses of money or property as a result of Defendants' unlawful acts and practices.

409.     The above unlawful acts and practices by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to the Kentucky Plaintiff and Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

410.     As a direct and proximate result of Defendants' deceptive acts and practices, the Kentucky Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

411.     The Kentucky Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages, punitive damages, restitution or other equitable relief, injunctive relief, and reasonable attorneys' fees and costs.

**COUNT 27**

**VIOLATIONS OF LOUISIANA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW,
La. Rev. Stat. Ann. §§ 51:1401, *et seq.*
(On behalf of the Louisiana Class)**

412.   The Louisiana Plaintiff identified above, individually and on behalf of the Louisiana Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

413.   The Louisiana Plaintiff and the Class members are "persons" within the meaning of the La. Rev. Stat. Ann. § 51:1402(8).

414.   Louisiana Plaintiff and Class members are "consumers" within the meaning of La. Rev. Stat. Ann. § 51:1402(1).

415.   Defendants engaged in "trade" or "commerce" within the meaning of La. Rev. Stat. Ann. § 51:1402(10).

416.   The Louisiana Unfair Trade Practices and Consumer Protection Law (the "Louisiana CPL") makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce."  La. Rev. Stat. Ann. § 51:1405(A).  Unfair acts are those that offend established public policy, while deceptive acts are practices that amount to fraud, deceit, or misrepresentation.

417.   Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

418.   Defendants' unfair and deceptive acts and practices were immoral, unethical, oppressive, and unscrupulous.  These acts caused substantial injury to the Louisiana Plaintiff and Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

419.     As a direct and proximate result of Defendants' deceptive acts and practices, the Louisiana Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

420.     The Louisiana Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages; treble damages for Defendants' knowing violations of the Louisiana CPL; declaratory relief; attorneys' fees; and any other relief that is just and proper.

## COUNT 28

## VIOLATIONS OF LOUISIANA REDHIBITION LAW
### La. Civ. Code Ann. art. 2520, *et seq.*
### (On behalf of the Louisiana Class)

421.     The Louisiana Plaintiff identified above, individually and on behalf of the Louisiana Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

422.     At all relevant times, Defendants were a "merchant" with respect to dog food.

423.     Defendants have violated Louisiana's Redhibition Law, La. Civ. Code Ann. Art. 2520, *et seq.*, by manufacturing and selling dog food with excessive vitamin D that caused dogs to become ill and die. Therefore, the Hill's Products are not suitable for consumption by dogs in Louisiana.

424.     The Hill's Products were warranted as being in merchantable condition and being fit for the ordinary purpose for which dog food is used. However, as argued throughout infra, the Hill's Products were sold in a condition that was not merchantable/or fit for their ordinary purpose in violation of the implied warranty.

425. The manufacturing defect has made using the Hill's Products dangerous. Defendants had to issue a recall because dogs were becoming ill and/or dying. Accordingly, the Louisiana Plaintiff and Class members would not have purchased Hill's Products had they known about the defect.

426. As a direct and proximate result of Defendants' conduct, the Louisiana Plaintiff and Class members have been harmed in that they purchased Hill's Products they otherwise would not have.

427. The Louisiana Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including specifically damages for not receiving the benefit of their bargain as well as any available equitable relief. The amount of damages due will be proven at trial.

## COUNT 29

### VIOLATIONS OF MAINE UNFAIR TRADE PRACTICES ACT, Me. Rev. Stat. tit. 5 §§ 205-214, *et seq.*
### (On behalf of the Maine Class)

428. The Maine Plaintiff identified above, individually and on behalf of the Maine Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

429. Defendants are each a "person" as defined by Me. Rev. Stat. tit. 5 § 206(2).

430. Defendants' conduct as alleged herein related was in the course of "trade and commerce" as defined by Me. Rev. Stat. tit. 5 § 206(3).

431. The Maine Plaintiff and Class members purchased goods and/or services for personal, family, and/or household purposes.

432. Defendants engaged in unfair and deceptive trade acts and practices in the conduct of trade or commerce in violation of Me. Rev. Stat. tit. 5 § 207.

433. Defendants' representations and omissions were material because they were likely

69

to deceive reasonable consumers.

434.    As a direct and proximate result of Defendants' deceptive acts and practices, the Maine Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

435.    The Maine Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages or restitution, injunctive and other equitable relief, and attorneys' fees and costs.

## COUNT 30

## VIOLATIONS OF MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT, Me. Rev. Stat. tit. 10 §§ 1212, *et seq.* (On behalf of the Maine Class)

436.    The Maine Plaintiff identified above, individually and on behalf of the Maine Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

437.    Defendants are each a "person" as defined by Me. Rev. Stat. tit. 10 § 1211(5).

438.    Defendants advertised, offered, or sold goods or services in Maine and engaged in trade or commerce directly or indirectly affecting the people of Maine.

439.    Defendants engaged in deceptive trade practices in the conduct of their business, in violation of Me. Rev. Stat. tit. 10 § 1212 by making misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines, representing that goods or services have characteristics that they do not have; representing that goods or services are of a particular standard, quality, or grade if they are of another; advertising goods or services with intent not to sell them as advertised; and engaging in other conduct that creates a likelihood of confusion or misunderstanding.

440.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

441.     As a direct and proximate result of Defendants' deceptive acts and practices, the Maine Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

442.     The Maine Plaintiff and Class members are likely to be damaged by Defendants' ongoing deceptive trade practices.

443.     The Maine Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages or restitution, injunctive or other equitable relief, and attorneys' fees and costs.

## COUNT 31

### VIOLATIONS OF MARYLAND CONSUMER PROTECTION ACT,
#### Md. Code Ann., Com. Law §§ 13-301, *et seq.*
#### (On behalf of the Maryland Class)

444.     The Maryland Plaintiff identified above, individually and on behalf of the Maryland Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

445.     Defendants are each a "person" as defined by Md. Code Ann., Com. Law § 13-101(h).

446.     Defendants' conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined Md. Code Ann., Com. Law §§ 13-101(i) and 13-303.

447.     The Maryland Plaintiff and Maryland Class members are "consumers" as defined by Md. Code Ann., Com. Law § 13-101(c)(1).

448.     Defendants advertise, offer, or sell "consumer goods" as defined by Md. Code

Ann., Com. Law § 13-101(d).

449.    Defendants advertised, offered, or sold goods in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

450.    Defendants engaged in unfair and deceptive trade practices, in violation of Md. Code Ann., Com. Law § 13-301 by (a) making false or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers; (b) representing that consumer goods or services have a characteristic that they do not have; (c) representing that consumer goods  are of a particular standard, quality, or grade that they are not; and (d) failing to state a material fact where the failure deceives or tends to deceive.

451.    Defendants engaged in these unfair and deceptive trade practices in connection with offering for sale or selling consumer goods in violation of Md. Code Ann., Com. Law § 13-303.

452.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

453.    As a direct and proximate result of Defendants' deceptive acts and practices, the Maryland Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

454.    The Maryland Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages, injunctive relief, and attorneys' fees and costs.

## COUNT 32

### VIOLATIONS OF DECEPTIVE ACTS OR PRACTICES PROHIBITED BY MASSACHUSETTS LAW
### Mass. Gen. Laws ch. 93a, § 1, *et seq.*
### (On behalf of the Massachusetts Class)

455.    The Massachusetts Plaintiff identified above, individually and on behalf of the

Massachusetts Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

456.     Defendants, the Massachusetts Plaintiff, and the Massachusetts Class are "persons" within the meaning of Mass. Gen. Laws ch. 93A, § 1(a).

457.     Defendants engaged in "trade" or "commerce" within the meaning of Mass. Gen. Laws ch. 93A, § 1(b).

458.     Massachusetts law (the "Massachusetts Act") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2.

459.     In selling their Products, Defendants touted the quality of their supply chain and food safety, when in reality their Products were contaminated with excessive levels of vitamin D.

460.     The Massachusetts Plaintiff and Class suffered ascertainable loss and actual damages as a direct and proximate result of Defendants' misrepresentations regarding the Products safety. Defendants' violations present a continuing risk to Massachusetts Plaintiff as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

461.     As a direct and proximate result of Defendants' violations of the Massachusetts Act, the Massachusetts Plaintiff and the Class have suffered injury-in-fact and/or actual damage.

462.     Pursuant to Mass. Gen. Laws ch. 93A, § 9, the Massachusetts Plaintiff and Class members seek monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $25 for each Massachusetts Plaintiff and Massachusetts Class member.

463.     On March 8, 2019, Plaintiff sent a letter complying with Mass. Gen. Laws ch. 93A, § 9(3). Because Defendants failed to remedy their unlawful conduct within the requisite time

period, Plaintiff seeks all damages and relief to which the Massachusetts Plaintiff and the Massachusetts Classes are entitled.

**COUNT 33**

**VIOLATIONS OF MICHIGAN CONSUMER PROTECTION ACT,**
**Mich. Comp. Laws Ann. §§ 445.903, _et seq._**
**(On behalf of the Michigan Class)**

464.     The Michigan Plaintiffs identified above, individually and on behalf of the Michigan Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

465.     The Michigan Plaintiffs and Michigan Class members are "persons" as defined by Mich. Comp. Laws Ann. § 445.902(d).

466.     Defendants offered and sold goods in Michigan and engaged in trade or commerce directly or indirectly affecting the people of Michigan, as defined by Mich. Comp. Laws Ann. § 445.902(g).

467.     Defendants engaged in unfair, unconscionable, and deceptive practices in the conduct of trade and commerce, in violation of Mich. Comp. Laws Ann. § 445.903(1) by (a) representing that their goods and services have characteristics, uses, and benefits that they do not have, in violation of Mich. Comp. Laws Ann. § 445.903(1)(c); (b) representing that their goods and services are of a particular standard or quality if they are of another in violation of Mich. Comp. Laws Ann. § 445.903(1)(e); (c) making a representation or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, in violation of Mich. Comp. Laws Ann. § 445.903(1)(bb); and (d) failing to reveal facts that are material to the transaction in light of representations of fact made in a positive matter, in violation of Mich. Comp. Laws Ann. § 445.903(1)(cc).

468.     Defendants' representations and omissions were material because they were likely

to deceive reasonable consumers.

469.     As a direct and proximate result of Defendants' deceptive acts and practices, the Michigan Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

470.     The Michigan Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, injunctive relief, and any other relief that the Court deems just and proper.

## COUNT 34

### VIOLATIONS OF MINNESOTA CONSUMER FRAUD ACT,
### Minn. Stat. §§ 325F.68, *et seq*. and Minn. Stat. §§ 8.31, *et seq*.
### (On behalf of the Minnesota Class)

471.     The Minnesota Plaintiffs identified above, individually and on behalf of the Minnesota Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

472.     The Minnesota Plaintiffs and Class members are each a "person" as defined by Minn. Stat. § 325F.68(3).

473.     Defendants' goods, services, commodities, and intangibles (specifically, the Hill's Products) are "merchandise" as defined by Minn. Stat. § 325F.68(2).

474.     Defendants engaged in "sales" as defined by Minn. Stat. § 325F.68(4).

475.     Defendants engaged in fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive practices in connection with the sale of merchandise, in violation of Minn. Stat. § 325F.69(1), as described herein.

476.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

477. Defendants intended to mislead Minnesota Plaintiffs and Class members and induce them to rely on its misrepresentations and omissions.

478. Defendants' fraudulent, misleading, and deceptive practices affected the public interest, including millions of Minnesotans who purchased and/or used Hill's Products.

479. As a direct and proximate result of Defendants' deceptive acts and practices, the Minnesota Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

480. The Minnesota Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including damages, injunctive or other equitable relief, and attorneys' fees, disbursements, and costs.

## COUNT 35

## VIOLATIONS OF MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Minn. Stat. §§ 325D.43, *et seq.* (On behalf of the Minnesota Class)

481. The Minnesota Plaintiffs identified above, individually and on behalf of the Minnesota Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

482. By engaging in deceptive trade practices in the course of their business and vocation, directly or indirectly affecting the people of Minnesota, Defendants violated Minn. Stat. § 325D.44, including the following provisions: representing that their goods and services had characteristics, uses, and benefits that they did not have, in violation of Minn. Stat. § 325D.44(1) and (5); representing that goods and services are of a particular standard or quality when they are of another, in violation of Minn. Stat. § 325D.44(1) and (7); and engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding, in violation of Minn. Stat.

§ 325D.44(1) and (13).

483.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

484.    As a direct and proximate result of Defendants' deceptive acts and practices, Minnesota Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

485.    Minnesota Plaintiffs and Minnesota Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief and attorneys' fees and costs.

## COUNT 36

### VIOLATIONS OF MISSOURI MERCHANDISE PRACTICES ACT, Mo. Rev. Stat. §§ 407.010, *et seq.* (On behalf of the Missouri Class)

486.    The Missouri Plaintiffs identified above, individually and on behalf of the Missouri Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

487.    Defendants are each a "person" as defined by Mo. Rev. Stat. § 407.010(5).

488.    Defendants advertised, offered, or sold goods or services in Missouri and engaged in trade or commerce directly or indirectly affecting the people of Missouri, as defined by Mo. Rev. Stat. § 407.010(4), (6) and (7).

489.    Missouri Plaintiffs and Class members purchased or leased goods or services primarily for personal, family, or household purposes.

490.    Defendants engaged in unlawful, unfair, and deceptive acts and practices, in connection with the sale or advertisement of merchandise in trade or commerce, in violation of Mo. Rev. Stat. § 407.020(1), as described herein.

491.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

492.     As a direct and proximate result of Defendants' deceptive acts and practices, the Missouri Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

493.     The Missouri Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, punitive damages, attorneys' fees and costs, injunctive relief, and any other appropriate relief.

## COUNT 37

### VIOLATIONS OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, Mont. Code Ann. §§ 30-14-101, *et seq.* (On behalf of the Montana Class)

494.     The Montana Plaintiff identified above, individually and on behalf of the Montana Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

495.     Defendants are each a "person" as defined by Mont. Code Ann. § 30-14-102(6).

496.     The Montana Plaintiff and Class members are "consumers" as defined by Mont. Code Ann. § 30-14-102(1).

497.     Defendants advertised, offered, or sold goods or services in Montana and engaged in trade or commerce directly or indirectly affecting the people of Montana, as defined by Mont. Code Ann. § 30-14-102(8).

498.     Defendants engaged in unfair and deceptive acts and practices in the conduct of trade or commerce, in violation Mont. Code Ann. § 30-14-103, as described herein.

499.     Defendants' representations and omissions were material because they were likely

to deceive reasonable consumers.

500.    Defendants' acts described above are unfair and offend public policy; they are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

501.    As a direct and proximate result of Defendants' unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade or commerce, the Montana Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

502.    The Montana Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including the greater of (a) actual damages or (b) statutory damages of $500, treble damages, restitution, attorneys' fees and costs, injunctive relief, and other relief that the Court deems appropriate.

## COUNT 38

### VIOLATIONS OF NEBRASKA CONSUMER PROTECTION ACT, Neb. Rev. Stat. §§ 59-1601, *et seq.* (On behalf of the Nebraska Class)

503.    The Nebraska Plaintiff identified above, individually and on behalf of the Nebraska Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

504.    The Nebraska Plaintiff and Class members are each a "person" as defined by Neb. Rev. Stat. § 59-1601(1).

505.    Defendants advertised, offered, or sold goods or services in Nebraska and engaged in trade or commerce directly or indirectly affecting the people of Nebraska, as defined by Neb. Rev. Stat. § 59-1601.

506.    Defendants engaged in unfair and deceptive acts and practices in conducting trade

and commerce, in violation of Neb. Rev. Stat. § 59-1602, as described herein.

507.   Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

508.   As a direct and proximate result of Defendants' unfair and deceptive acts and practices, the Nebraska Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

509.   Defendants' unfair and deceptive acts and practices complained of herein affected the public interest, including the large percentage of Nebraskans who have purchased and/or used Hill's Products.

510.   The Nebraska Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, the greater of either (1) actual damages or (2) $1,000, civil penalties, and reasonable attorneys' fees and costs.

## COUNT 39

## VIOLATIONS OF NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Neb. Rev. Stat. §§ 87-301, *et seq.* (On behalf of the Nebraska Class)

511.   The Nebraska Plaintiff identified above, individually and on behalf of the Nebraska Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

512.   The Nebraska Plaintiff and Class members are "persons" as defined by Neb. Rev. Stat. § 87-301(19).

513.   Defendants advertised, offered, or sold goods or services in Nebraska and engaged in trade or commerce directly or indirectly affecting the people of Nebraska.

514.   Defendants engaged in deceptive trade practices in the course of their business, in

violation of Neb. Rev. Stat. §§ 87-302(a)(5),(8) and (10) by representing that goods and services have characteristics, uses, benefits, or qualities that they do not have; representing that goods and services are of a particular standard, quality, or grade if they are of another; and advertising its goods and services with intent not to sell them as advertised and in a manner calculated or tending to mislead or deceive.

515.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

516.    Defendants intended to mislead the Nebraska Plaintiff and Class members and induce them to rely on its misrepresentations and omissions.

517.    As a direct and proximate result of Defendants' deceptive acts and practices, the Nebraska Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

518.    Defendants' deceptive trade practices complained of herein affected consumers at large, including the large percentage of Nebraskans who purchased and/or used Hill's Products.

519.    The Nebraska Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, other equitable relief, civil penalties, and attorneys' fees and costs.

## COUNT 40

### VIOLATIONS OF NEVADA DECEPTIVE TRADE PRACTICES ACT,
### Nev. Rev. Stat. Ann. §§ 598.0903, *et seq*.
### (On behalf of the Nevada Class)

520.    The Nevada Plaintiff identified above, individually and on behalf of the Nevada Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

521.    Defendants advertised, offered, or sold goods or services in Nevada and engaged in trade or commerce directly or indirectly affecting the people of Nevada.

522.    Defendants engaged in deceptive trade practices in the course of their business or occupation in violation of Nev. Rev. Stat. §§ 598.0915 and 598.0923 by knowingly making a false representation as to the characteristics, uses, and benefits of goods or services for sale in violation of Nev. Rev. Stat. § 598.0915(5); representing that goods or services for sale are of a particular standard, quality, or grade when Defendants knew or should have known that they are of another standard, quality, or grade in violation of Nev. Rev. Stat. § 598.0915(7); advertising goods or services with intent not to sell them as advertised in violation of Nev. Rev. Stat § 598.0915(9); failing to disclose a material fact in connection with the sale of goods or services in violation of Nev. Rev. Stat. § 598.0923(A)(2); and violating state and federal statutes or regulations relating to the sale of goods or services in violation of Nev. Rev. Stat. § 598.0923(A)(3).

523.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

524.    Defendants acted intentionally, knowingly, and maliciously to violate Nevada's Deceptive Trade Practices Act, and recklessly disregarded the Nevada Plaintiff's and Class members' rights.

525.    As a direct and proximate result of Defendants' deceptive acts and practices, the Nevada Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

526.    The Nevada Plaintiff and Class members seek all monetary and non-monetary relief

allowed by law, including damages, punitive damages, and attorneys' fees and costs.

## COUNT 41

## VIOLATIONS OF NEW HAMPSHIRE CONSUMER PROTECTION ACT, N.H. Rev. Stat. Ann. §§ 358-A, *et seq*. (On behalf of the New Hampshire Class)

527.    The New Hampshire Plaintiff identified above, individually and on behalf of the New Hampshire Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

528.    Defendants are each a "person" under the New Hampshire Consumer Protection statute.

529.    Defendants advertised, offered, or sold goods or services in New Hampshire and engaged in trade or commerce directly or indirectly affecting the people of New Hampshire, as defined by N.H. Rev. Stat. Ann. § 358-A:1.

530.    Defendants engaged in unfair and deceptive acts or practices in the ordinary conduct of their trade or business, in violation of N.H. Rev. Stat. Ann. § 358-A:2 by making misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product line; representing that their goods or services have characteristics, uses, or benefits that they do not have in violation of N.H. Rev. Stat. Ann. § 358-A:2.V; representing that goods or services are of a particular standard or quality if they are of another in violation of N.H. Rev. Stat. Ann. § 358-A:2.VII; and advertising goods or services with intent not to sell them as advertised in violation of N.H. Rev. Stat. Ann. § 358-A:2.IX.

531.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

532.    Defendants acted intentionally, knowingly, and maliciously to violate New

Hampshire's Consumer Protection Act, and recklessly disregarded Plaintiff and New Hampshire Class members' rights. Defendants' acts and practices went beyond the realm of strictly private transactions.

533. As a direct and proximate result of Defendants' deceptive acts and practices, the New Hampshire Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

534. The New Hampshire Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, punitive damages, equitable relief (including injunctive relief), restitution, civil penalties, and attorneys' fees and costs.

## COUNT 42

### VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT,
### N.J. Stat. Ann. §§ 56:8-1, *et seq.*
### (On behalf of the New Jersey Class)

535. The New Jersey Plaintiffs identified above, individually and on behalf of the New Jersey Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

536. Defendants are each a "person," as defined by N.J. Stat. Ann. § 56:8-1(d).

537. Defendants sell "merchandise," as defined by N.J. Stat. Ann. § 56:8-1(c) and (e).

538. The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.*, prohibits unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, as well as the knowing concealment, suppression, or omission of any material fact with the intent that others rely on the concealment, omission, or fact, in connection with the sale or advertisement of any merchandise.

539. Defendants' representations and omissions were material because they were likely

to deceive reasonable consumers.

540.     As a direct and proximate result of Defendants' deceptive acts and practices, the New Jersey Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

541.     The New Jersey Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, other equitable relief, actual damages, treble damages, restitution, and attorneys' fees, filing fees, and costs

## COUNT 43

### VIOLATIONS OF NEW MEXICO UNFAIR PRACTICES ACT,
### N.M. Stat. Ann. §§ 57-12-2, *et seq.*
### (On behalf of the New Mexico Class)

542.     The New Mexico Plaintiff identified above, individually and on behalf of the New Mexico Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

543.     Defendants are each a "person" as meant by N.M. Stat. Ann. § 57-12-2.

544.     Defendants were engaged in "trade" and "commerce" as meant by N.M. Stat. Ann. § 57-12-2(C) when engaging in the conduct alleged.

545.     The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2, *et seq.*, prohibits both unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce.

546.     Defendants engaged in unconscionable, unfair, and deceptive acts and practices in connection with the sale of goods or services in the regular course of their trade or commerce, including the following: knowingly representing that goods and services have characteristics, benefits, or qualities that they do not have, in violation of N.M. Stat. Ann. § 57-12-2(D)(5);

knowingly representing that goods and services are of a particular standard or quality when they are of another in violation of N.M. Stat. Ann. § 57-12-2(D)(7); knowingly using exaggeration, innuendo, or ambiguity as to a material fact or failing to state a material fact where doing so deceives or tends to deceive in violation of N.M. Stat. Ann. § 57-12-2(D)(14); taking advantage of the lack of knowledge, experience, or capacity of their consumers to a grossly unfair degree to the New Mexico Plaintiff and Class members' detriment in violation of N.M. Stat. Ann. § 57-2-12(E)(1); and performing these acts and practices in a way that results in a gross disparity between the value received by the New Mexico Plaintiff and Class members and the price paid, to their detriment, in violation of N.M. Stat. Ann. § 57-2-12(E)(2).

547.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

548.    As a direct and proximate result of Defendants' deceptive acts and practices, the New Mexico Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

549.    The New Mexico Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, actual damages or statutory damages of $100 (whichever is greater), treble damages or statutory damages of $300 (whichever is greater), and reasonable attorneys' fees and costs.

## COUNT 44

## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
### N.Y. Gen. Bus. Law §§ 349, *et seq.*
### (On behalf of the New York Class)

550.    The New York Plaintiffs identified above, individually and on behalf of the New

York Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

551.    Defendants engaged in deceptive acts or practices in the conduct of their business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, as described herein.

552.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

553.    Defendants acted intentionally, knowingly, and maliciously to violate New York's General Business Law, and recklessly disregarded the New York Plaintiffs and New York Class members' rights.

554.    As a direct and proximate result of Defendants' deceptive acts and practices, New York Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

555.    Defendants' deceptive and unlawful acts and practices complained of herein affected the public interest and consumers at large, including the thousands of New Yorkers who purchased and/or used Hill's Products.

556.    The above deceptive and unlawful practices and acts by Defendants caused substantial injury to the New York Plaintiffs and Class members that they could not reasonably avoid.

557.    New York Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $50 (whichever is greater), treble damages, injunctive relief, and attorney's fees and costs.

**COUNT 45**

**VIOLATIONS OF NORTH CAROLINA UNFAIR AND
DECEPTIVE TRADE PRACTICES ACT
N.C. Gen. Stat. §§ 75-1.1, *et seq.*
(On behalf of the North Carolina Class)**

558.    The North Carolina Plaintiffs identified above, individually and on behalf of the North Carolina Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

559.    At all times relevant herein, Defendants were engaged in commerce in the State of North Carolina.

560.    The conduct of Defendants as set forth herein is unethical, oppressive, unscrupulous, and substantially injurious to the consumers of North Carolina; and has the capacity and tendency to deceive the average consumer.

561.    Defendants' false, misleading and deceptive statements and representations of fact were and are directed to consumers.

562.    Defendants' false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

563.    Defendants' false, misleading and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest

564.    The North Carolina Plaintiffs  and Class members have been injured because: (a) they would not have purchased Hill's Products had they known that the products in fact contained excessive levels of vitamin D; (b) they paid a price premium for Hill's Products based on Defendants' false and misleading statements; and (c) the Hill's Products did not have the characteristics and benefits promised because they contained excessive vitamin D.

565.    As a result of Defendants' false, misleading, and deceptive statements and representations of fact, North Carolina Plaintiffs have suffered economic injuries.

566.    The North Carolina Plaintiffs and Class members suffered an ascertainable loss caused by Defendants' misrepresentations because they paid more for the Hill's Products than they would have had they known the truth about the Products.

567.    The above-described conduct violated N.C. Gen. Stat. § 75-1.19(a), including:

a.      Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;

b.      Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

c.      Advertising goods or services with intent not to sell them as advertised.

568.    As a result, the North Carolina Plaintiffs and Class members have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Hill's Products or the difference in value between Hill's Products as advertised and Hill's Products as actually sold.

569.    The North Carolina Plaintiffs and Class members suffered actual injury as a result of Defendants' unfair actions.

570.    North Carolina Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, restitution, injunctive relief, punitive damages, and reasonable attorneys' fees and costs.

571.    Defendants' actions were in or affecting commerce and constitute unfair and deceptive trade practices, which are proscribed by Chapter 75 of the North Carolina General Statutes.

572.    The North Carolina Plaintiffs Class members have been damaged and are entitled to recover treble damages and attorneys' fees incurred in this action

**COUNT 46**

**VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT,**
**Ohio Rev. Code Ann. § 1345.01 *et seq*.**
**(On behalf of the Ohio Class)**

573.    The Ohio Plaintiffs identified above, individually and on behalf of the Ohio Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

574.    The Ohio Consumer Sales Practices Act, O.R.C. § 1345.02 (the "Act"), prohibits unfair or deceptive acts or practices in connection with a consumer transaction.  For example, the Act prohibits suppliers from representing that goods have characteristics or uses or benefits which they do not have.  The Act also prohibits suppliers from representing that their products or goods are of a particular standard, quality, or grade if they are not; that the products or goods have been supplied in accordance with a previous representation, if they have not; and that the transaction involves a warranty, rights, remedies, or obligations if that representation is false.  Defendants' actions as described throughout this Complaint violate each of these provisions.

575.    The Ohio Consumer Sales Practices Act, O.R.C. § 1345.03, also prohibits unconscionable acts or practices in connection with a consumer transaction which includes the circumstances at issue here where Defendants have knowingly taken advantage of the inability of consumers reasonably to protect their interests because of the consumers' ignorance of the toxic levels of vitamin D present in the Hill's Products and because Defendants knowingly made misleading statements of opinion on which Plaintiffs were likely to rely to their detriment as discussed throughout this Complaint.

576.    Defendants are a "supplier" as that term is defined in O.R.C. § 1345.01(C).

577.    Plaintiffs and the Ohio Class members are "consumers" as that term is defined in O.R.C. § 1345.01(D).

578.     Defendants advertised, offered, or sold goods or services in Ohio and engaged in trade or commerce directly or indirectly affecting the people of Ohio and the Ohio Class members.

579.     Defendants' conduct alleged above constitutes unfair, deceptive, and unconscionable acts and practices in connection with a consumer transaction in violation of O.R.C. § 1345.02 and § 1345.03.  The unfair, deceptive, and unconscionable acts and practices occurred before, during, and after the transactions and include, but are not limited to, misrepresenting that Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contain "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety." Defendants' conduct was also unfair, deceptive, and unconscionable because Defendants required the Ohio Plaintiffs and the Ohio Class to enter into consumer transactions on terms that Defendants knew were substantially one-sided in favor of Defendants (Ohio Rev. Code Ann. § 1345.03(B)(5)).

580.     Defendants' conduct as alleged above and throughout this Complaint constitutes an act or practice previously declared to be deceptive or unconscionable by rule adopted under division (B)(2) of § 1345.05 and previously determined by Ohio courts to violate Ohio's Consumer Sales Practices Act and was committed after the decisions containing these determinations were made available for public inspection under division (A)(3) of O.R.C. § 1345.05. The applicable rule and Ohio court opinions include but are not limited to: OAC 109:4-3-16; *Cordray v. Dannon Co*., PIF No. 10002917 (Dec. 22, 2010); *Brown v. Hartman*, PIF No. 10000070 (Nov. 15, 1982); and *In re United Egg Producers*, PIF No. 10002495 (October 12,

2006).

581.    These misrepresentations constitute the use by Defendants of unconscionable commercial practices, deception, and misrepresentation and, thus constitutes multiple, separate violations of Ohio Revised Code § 1345.01 et seq.

582.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

583.    Defendants' unfair, deceptive, and unconscionable acts and practices complained of herein affected the public interest, including the thousands of Ohio residents who purchased and/or used Hill's Products.

584.    Defendants' conduct caused substantial damages to the Ohio Plaintiffs and the Class members as alleged herein because (a) they would not have purchased Hill's Products, or would not have purchased Hill's Products on the same terms, had they known that the products in fact contained excessive vitamin D; (b) they paid a price premium for Hill's Products based on Defendants' false, deceptive, and misleading statements; (c) the Hill's Products did not have the characteristics and benefits promised because they contained excessive and toxic levels of vitamin D; (d) they incurred (and continue to incur) substantial veterinary, medical, and funeral expenses; (e) many lost their valuable pets (valuable in terms of cost to purchase and/or replace); and (f) they sustained substantial emotional distress and pain.

585.    Accordingly, Ohio Plaintiffs and Class Members suffered damages and are entitled to recover damages and attorneys' fees pursuant to Ohio Revised Code § 1345.09.

## COUNT 47

## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT,
### Okla. Stat. tit. 15, §§ 751, *et seq.*
### (On behalf of the Oklahoma Class)

586.    The Oklahoma Plaintiff identified above, individually and on behalf of the Oklahoma Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

587.    Defendants are each a "person," as meant by Okla. Stat. tit. 15, § 752(1).

588.    Defendants' advertisements, offers of sales, sales, and distribution of goods, services, and other things of value constituted "consumer transactions" as meant by Okla. Stat. tit. 15, § 752(2).

589.    Defendants, in the course of their business, engaged in unlawful practices in violation of Okla. Stat. tit. 15, § 753, including the following: making false representations, knowingly or with reason to know, as to the characteristics, uses, and benefits of the subjects of its consumer transactions, in violation of Okla. Stat. tit. 15, § 753(5); representing, knowingly or with reason to know, that the subjects of consumer transactions were of a particular standard when they were of another, in violation of Okla. Stat. tit 15, § 753(7); advertising, knowingly or with reason to know, the subjects of consumer transactions with intent not to sell as advertised, in violation of Okla. Stat. tit 15, § 753(8); committing unfair trade practices that offend established public policy and was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers as defined by section 752(14), in violation of Okla. Stat. tit. 15, § 753(20); and committing deceptive trade practices that deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person as defined by section 752(13), in violation of Okla. Stat. tit. 15, § 753(20).

590.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

591.    The above unlawful practices and acts by Defendants were immoral, unethical, oppressive, unscrupulous, and substantially injurious. These acts caused substantial injury to the

Oklahoma Plaintiff and Class members.

592.    As a direct and proximate result of Defendants' deceptive acts and practices, the Oklahoma Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

593.    The Oklahoma Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, civil penalties, and attorneys' fees and costs.

## COUNT 48

### VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT, Or. Rev. Stat. §§ 646.608, *et seq.*
### (On behalf of the Oregon Class)

594.    The Oregon Plaintiffs identified above, individually and on behalf of the Oregon Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

595.    Defendants are each a "person," as defined by Or. Rev. Stat. § 646.605(4).

596.    Defendants engaged in the sale of "goods and services," as defined by Or. Rev. Stat. § 646.605(6)(a).

597.    Defendants sold "goods or services," as defined by Or. Rev. Stat. § 646.605(6)(a).

598.    Defendants advertised, offered, or sold goods or services in Oregon and engaged in trade or commerce directly or indirectly affecting the people of Oregon.

599.    Defendants engaged in unlawful practices in the course of their business and occupation, in violation of Or. Rev. Stat. § 646.608, included the following: representing that goods and services have approval, characteristics, uses, benefits, and qualities that they do not have, in violation of Or. Rev. Stat. § 646.608(1)(e); representing that goods and services are of a particular standard or quality if they are of another, in violation of Or. Rev. Stat. § 646.608(1)(g);

advertising goods or services with intent not to provide them as advertised, in violation of Or. Rev. Stat. § 646.608(1)(i); and concurrent with tender or delivery of goods and services, failing to disclose any known material defect, in violation of Or. Rev. Stat. § 646.608(1)(t).

600.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

601.    As a direct and proximate result of Defendants' deceptive acts and practices, the Oregon Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

602.    The Oregon Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including equitable relief, actual damages or statutory damages of $200 per violation (whichever is greater), punitive damages, and reasonable attorneys' fees and costs.

## COUNT 49

### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Cons. Stat. §§ 201-2 and 201-3, *et seq.* (On behalf of the Pennsylvania Class)

603.    The Pennsylvania Plaintiffs identified above, individually and on behalf of the Pennsylvania Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

604.    Defendants are each a "person," as meant by 73 Pa. Cons. Stat. § 201-2(2).

605.    The Pennsylvania Plaintiffs and Class members purchased goods and services in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

606.    Defendants engaged in unfair methods of competition and unfair or deceptive acts

or practices in the conduct of trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including the following: representing that goods and services have characteristics, uses, benefits, and qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v)); representing that goods and services are of a particular standard or quality if they are another (73 Pa. Stat. Ann. § 201-2(4)(vii)); and advertising goods and services with intent not to sell them as advertised (73 Pa. Stat. Ann. § 201-2(4)(ix)).

607.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

608.     As a direct and proximate result of Defendants' deceptive acts and practices, the Pennsylvania Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

609.     The Pennsylvania Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble damages, attorneys' fees and costs, and any additional relief the Court deems necessary or proper.

**COUNT 50**

**VIOLATIONS OF RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,**
**R.I. Gen. Laws §§ 6-13.1, *et seq.***
**(On behalf of the Rhode Island Class)**

610.     The Rhode Island Plaintiffs identified above, individually and on behalf of the Rhode Island Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

611.     The Rhode Island Plaintiffs and Class members are each a "person," as defined by

R.I. Gen. Laws § 6-13.1-1(3).

612.     The Rhode Island Plaintiffs and Class members purchased goods and services for personal, family, or household purposes.

613.     Defendants advertised, offered, or sold goods or services in Rhode Island and engaged in trade or commerce directly or indirectly affecting the people of Rhode Island, as defined by R.I. Gen. Laws § 6-13.1-1(5).

614.     Defendants engaged in unfair and deceptive acts and practices, in violation of R.I. Gen. Laws § 6-13.1-2 by representing that goods and services have characteristics, uses, and benefits that they do not have (R.I. Gen. Laws § 6-13.1-52(6)(v)); representing that goods and services are of a particular standard or quality when they are of another (R.I. Gen. Laws § 6-13.1-52(6)(vii)); advertising goods or services with intent not to sell them as advertised (R.I. Gen. Laws § 6-13.1-52(6)(ix)); engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding (R.I. Gen. Laws § 6-13.1-52(6)(xii)); engaging in any act or practice that is unfair or deceptive to the consumer (R.I. Gen. Laws § 6-13.1-52(6)(xiii)); and using other methods, acts, and practices that mislead or deceive members of the public in a material respect (R.I. Gen. Laws § 6-13.1-52(6)(xiv)).

615.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

616.     As a direct and proximate result of Defendants' deceptive acts and practices, the Rhode Island Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

617.     The Rhode Island Plaintiffs and Class members seek all monetary and non-

monetary relief allowed by law, including actual damages or statutory damages of $200 per Class Member (whichever is greater), punitive damages, injunctive relief, other equitable relief, and attorneys' fees and costs.

## COUNT 51

### VIOLATIONS OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT, S.C. Code Ann. §§ 39-5-10, *et seq*. (On behalf of the South Carolina Class)

618.    The South Carolina Plaintiff identified above, individually and on behalf of the South Carolina Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

619.    Defendants are each a "person," as defined by S.C. Code Ann. § 39-5-10(a).

620.    South Carolina's Unfair Trade Practices Act (SC UTPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  S.C. Code Ann. § 39-5-20.

621.    Defendants advertised, offered, or sold goods or services in South Carolina and engaged in trade or commerce directly or indirectly affecting the people of South Carolina, as defined by S.C. Code Ann. § 39-5-10(b).

622.    Defendants' acts and practices had, and continue to have, the tendency or capacity to deceive.

623.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

624.    Defendants' business acts and practices offend an established public policy, or are immoral, unethical, or oppressive.

625.    Defendants' unfair and deceptive acts or practices adversely affected the public interest because such acts or practices have the potential for repetition.

626.     Defendants' violations present a continuing risk to the South Carolina Plaintiff and South Carolina Class members as well as to the general public.

627.     As a direct and proximate result of Defendants' deceptive acts and practices, the South Carolina Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

628.     The South Carolina Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages for their economic losses, treble damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT 52

### VIOLATIONS OF TENNESSEE CONSUMER PROTECTION ACT OF 1977
### Tenn. Code Ann. § 47-18-101, *et seq.*
### (On behalf of the Tennessee Class)

629.     The Tennessee Plaintiff identified above, individually and on behalf of the Tennessee Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

630.     At all times relevant herein, Defendants were engaged in commerce in the State of Tennessee.

631.     The conduct of Defendants as set forth herein is unethical, oppressive, unscrupulous, and substantially injurious to the Tennessee consumers; and has the capacity and tendency to deceive the average consumer.

632.     The Tennessee Plaintiff and Class members are "natural persons" and "consumers" within the meaning of Tenn. Code § 47-18-103(2).

633.     Defendants are engaged in "trade" or "commerce" or "consumer transactions"

within the meaning Tenn. Code § 47-18-103(9).

634.    The Tennessee Consumer Protection Act (the "Tennessee CPA") prohibits "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code § 47-18- 104.

635.    Defendants' false, misleading and deceptive statements and representations of fact that were and are directed to consumers.

636.    Defendants' false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

637.    Defendants' false, misleading and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

638.    Tennessee Plaintiff and Class members have been injured because: (a) they would not have purchased Hill's Products had they known that the products in fact contained excessive levels of vitamin D; (b) they paid a price premium for Hill's Products based on Defendants' false and misleading statements; and (c) the Hill's Products did not have the characteristics and benefits promised because they contained excessive vitamin D.

639.    As a result of Defendants' false, misleading and deceptive statements and representations of fact the Tennessee Plaintiff and Class members have suffered economic injuries.

640.    The Tennessee Plaintiff and Class members suffered an ascertainable loss caused by Defendants' misrepresentations because they paid more for Hill's Products than they would have had they known the truth about the product.

641.    The above-described conduct violated Tenn. Code § 47-18- 104, including:

a.   causing likelihood of confusion or of misunderstanding as to the approval or certification of the goods;

b.   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;

c.   representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

d.   advertising goods or services with intent not to sell them as advertised; and

e.   engaging in other conduct which created a likelihood of confusion or of misunderstanding.

642.   As a result, the Tennessee Plaintiff and Class members have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Hill's Products or the difference in value between Hill's Products as advertised and Hill's Products as actually sold.

643.   The Tennessee Plaintiff and Class members suffered actual injury as a result of Defendants' unfair actions.

644.   Pursuant to Tenn. Code §§ 47-18-109, 47-18-109, and 47-18-109(a)(3), the Tennessee Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, restitution, injunctive relief, punitive damages, and reasonable attorneys' fees and costs, and any other just and proper relief proscribed by the Tennessee Consumer Protection Act.

645.   The Tennessee Plaintiff and Class members have been damaged and are entitled to recover treble damages and attorneys' fees incurred in this action.

**COUNT 53**

**VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT,**

**Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.***
**(On behalf of the Texas Class)**

646.    The Texas Plaintiffs identified above, individually and on behalf of the Texas Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

647.    Defendants are each a "person," as defined by Tex. Bus. & Com. Code Ann. § 17.45(3).

648.    The Texas Plaintiffs and the Class members are "consumers," as defined by Tex. Bus. & Com. Code Ann. § 17.45(4).

649.    Defendants advertised, offered, or sold goods or services in Texas and engaged in trade or commerce directly or indirectly affecting the people of Texas, as defined by Tex. Bus. & Com. Code Ann. § 17.45(6).

650.    Defendants engaged in false, misleading, or deceptive acts and practices, in violation of Tex. Bus. & Com. Code Ann. § 17.46(b) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; representing that goods or services are of a particular standard, quality or grade, if they are of another; and advertising goods or services with intent not to sell them as advertised.

651.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

652.    Defendants engaged in unconscionable actions or courses of conduct, in violation of Tex. Bus. & Com. Code Ann. § 17.50(a)(3). Defendants engaged in acts or practices which, to consumers' detriment, took advantage of consumers' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

653.    Consumers, including Texas Plaintiffs and Class members, lacked knowledge about the above business practices, omissions, and misrepresentations because this information

was known exclusively by Defendants.

654. As a direct and proximate result of Defendants' deceptive acts and practices, Texas Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

655. Defendants' violations present a continuing risk to the Texas Plaintiffs and Class members as well as to the general public.

656. Defendants received notice pursuant to Tex. Bus. & Com. Code Ann. § 17.505 concerning their wrongful conduct as alleged herein by Texas Plaintiffs Class members. Texas Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including economic damages, damages for mental anguish, treble damages for each act committed intentionally or knowingly, court costs, reasonably and necessary attorneys' fees, injunctive relief, and any other relief which the court deems proper.

## COUNT 54

## VIOLATIONS OF UTAH CONSUMER SALES PRACTICES ACT, Utah Code Ann. §§ 13-11-1, *et seq*.
### (On behalf of the Utah Class)

657. The Utah Plaintiff identified above, individually and on behalf of the Utah Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

658. Defendants are each a "person," as defined by Utah Code Ann. § 13-11-1(5).

659. Defendants are a "supplier," as defined by Utah Code Ann. § 13-11-1(6), because they regularly solicit, engage in, or enforce "consumer transactions," as defined by Utah Code Ann. § 13-11-1(2).

660. Defendants engaged in deceptive and unconscionable acts and practices in

connection with consumer transactions, in violation of Utah Code Ann. § 13-11-4 and § 13-11-5, as described herein.

661. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

662. Defendants intentionally or knowingly engaged in deceptive acts or practices, violating Utah Code Ann. § 13-11-4(2) by: indicating that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; indicating that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; indicating that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; indicating that the subject of a consumer transaction will be supplied in greater quantity (e.g., more data security) than the supplier intends.

663. Defendants engaged in unconscionable acts and practices that were oppressive and led to unfair surprise, as shown in the setting, purpose, and effect of those acts and practices.

664. In addition, there was an overall imbalance in the obligations and rights imposed by the consumer transactions in question, based on the mores and industry standards of the time and place where they occurred. There is a substantial imbalance between the obligations and rights of consumers, such as the Utah Plaintiff and Class members, who purchased Hill's Products based upon the publicly available information in the marketplace.

665. Defendants' acts and practices were also procedurally unconscionable because consumers, including Utah Plaintiff and Class members, had no practicable option but to purchase Hill's Products based upon publicly available information, despite Defendants' omissions and misrepresentations.

666.    As a direct and proximate result of Defendants' deceptive acts and practices, the Utah Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

667.    Defendants' violations present a continuing risk to the Utah Plaintiffs and Class members as well as to the general public.

668.    The Utah Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, statutory damages of $2,000 per violation, amounts necessary to avoid unjust enrichment under Utah Code Ann. §§ 13-11-19, *et seq.*, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT 55

### VIOLATIONS OF THE VERMONT CONSUMER FRAUD ACT
### Vt. Stat. Ann. tit. 9, § 2451 *et seq.*
### (On behalf of the Vermont Class)

669.    The Vermont Plaintiff identified above, individually and on behalf of the Vermont Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

670.    The Vermont Plaintiff and Class members are "consumers," as defined by Vt. Stat. Ann. tit. 9, § 2451a(a).

671.    Defendants' conduct as alleged herein related to "goods" or "services," as defined by Vt. Stat. Ann. tit. 9, § 2451a(b).

672.    Defendants are "sellers," as defined by Vt. Stat. Ann. tit. 9, § 2451a(c).

673.    Defendants advertised, offered, or sold goods or services in Vermont and engaged in trade or commerce directly or indirectly affecting the people of Vermont.

674. Defendants engaged in unfair and deceptive acts or practices, in violation of Vt. Stat. Tit. 9, § 2453(a) when, among other things, representing that Hill's Products have, characteristics, ingredients, uses, benefits, or qualities that they do not have.

675. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

676. Defendants are presumed, as a matter of law under Vt. Stat. Ann. tit. 9, § 2457, to have intentionally violated the Vermont Consumer Protection Act because they failed to sell goods or services in the manner and of the nature advertised or offered.

677. Defendants' acts and practices caused or were likely to cause injury to consumers, which was not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.

678. The Vermont Plaintiff and Class members seek all monetary and nonmonetary relief allowed by law, including appropriate equitable relief, damages, reasonable attorney's fees, and treble exemplary damages. *See* Vt. Stat. Ann. tit. 9, § 2461(b)

## COUNT 56

### VIOLATIONS OF VIRGINIA CONSUMER PROTECTION ACT,
### Va. Code Ann. §§ 59.1-196, *et seq*.
### (On behalf of the Virginia Class)

679. The Virginia Plaintiff identified above, individually and on behalf of the Virginia Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

680. The Virginia Consumer Protection Act prohibits "[u]sing any . . . deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(14).

681. Defendants are each a "person" as defined by Va. Code Ann. § 59.1-198.

682.     Defendants are a "supplier," as defined by Va. Code Ann. § 59.1-198.

683.     Defendants engaged in the complained-of conduct in connection with "consumer transactions" with regard to "goods" and "services," as defined by Va. Code Ann. § 59.1-198. Defendants advertised, offered, or sold goods or services used primarily for personal, family or household purposes.

684.     Defendants engaged in deceptive acts and practices by using deception, fraud, false pretense, false promise, and misrepresentation in connection with consumer transactions, described herein.

685.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

686.     The above-described deceptive acts and practices also violated the following provisions of Va. Code Ann. § 59.1-200(A): misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; and advertising goods or services with intent not to sell them as advertised, or with intent not to sell them upon the terms advertised.

687.     As a direct and proximate result of Defendants' deceptive acts and practices, the Virginia Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

688.     Defendants' violations present a continuing risk to Virginia Plaintiffs and Class members as well as to the general public.

689.     The Virginia Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including actual damages; statutory damages in the amount of $1,000 per

violation if the conduct is found to be willful or, in the alternative, $500 per violation, restitution, injunctive relief, punitive damages, and attorneys' fees and costs.

## COUNT 57

### VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT,
### Wash. Rev. Code Ann. §§ 19.86.020, *et seq.*
### (On behalf of the Washington Class)

690. The Washington Plaintiffs identified above, individually and on behalf of the Washington Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

691. Defendants are each a "person," as defined by Wash. Rev. Code Ann. § 19.86.010(1).

692. Defendants advertised, offered, or sold goods or services in Washington and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code Ann. § 19.86.010 (2).

693. Defendants engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code Ann. § 19.86.020, as described herein.

694. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

695. Defendants' conduct is injurious to the public interest because it violates Wash. Rev. Code Ann. § 19.86.020, violates a statute that contains a specific legislation declaration of public interest impact, and/or injured persons and had and has the capacity to injure persons. Further, their conduct affected the public interest, including the at least hundreds of thousands of Washingtonians affected by Defendants' deceptive business practices.

696. As a direct and proximate result of Defendants' deceptive acts and practices, the

Washington Plaintiffs and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

697.     The Washington Plaintiffs and Class members seek all monetary and non-monetary relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs.

### COUNT 58

### VIOLATIONS OF WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code §§ 46A-6-101, *et seq*.
**(On behalf of the West Virginia Class)**

698.     The West Virginia Plaintiff identified above, individually and on behalf of the West Virginia Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

699.     The West Virginia Plaintiff and Class members are "consumers," as defined by W. Va. Code § 46A-6-102(2).

700.     Defendants engaged in "consumer transactions," as defined by W. Va. Code § 46A-6-102(2).

701.     Defendants advertised, offered, or sold goods or services in West Virginia and engaged in trade or commerce directly or indirectly affecting the people of West Virginia, as defined by W. Va. Code § 46A-6-102(6).

702.     Defendants received notice pursuant to W. Va. Code § 46A-6-106(c) concerning their wrongful conduct as alleged herein by the West Virginia Plaintiff and Class members.

703.     Defendants engaged in unfair and deceptive business acts and practices in the conduct of trade or commerce, in violation of W. Va. Code § 46A-6-104, as described herein.

704.     Defendants' unfair and deceptive acts and practices also violated W. Va. Code §

46A-6-102(7) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another; advertising goods or services with intent not to sell them as advertised; engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; using deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of goods or services, whether or not any person has in fact been misled, deceived or damaged thereby; and advertising, displaying, publishing, distributing, or causing to be advertised, displayed, published, or distributed in any manner, statements and representations with regard to the sale of goods, which are false, misleading or deceptive or which omit to state material information which is necessary to make the statements therein not false, misleading or deceptive.

705.    Defendants' unfair and deceptive acts and practices were unreasonable when weighed against the need to develop or preserve business, and were injurious to the public interest, under W. Va. Code § 46A-6-101.

706.    Defendants' acts and practices were additionally "unfair" under W. Va. Code § 46A-6-104 because they caused or were likely to cause substantial injury to consumers which was not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.

707.    The injury to consumers from Defendants' conduct was and is substantial because it was non-trivial and non-speculative; and involved a monetary injury. The injury to consumers was substantial not only because it inflicted harm on a significant and unprecedented number of

consumers, but also because it inflicted a significant amount of harm on each consumer.

708.    Consumers could not have reasonably avoided injury because Defendants' business acts and practices unreasonably created or took advantage of an obstacle to the free exercise of consumer decision-making. By withholding important information from consumers, Defendants created an asymmetry of information between Defendants and consumers that precluded consumers from taking action to avoid or mitigate injury.

709.    Defendants' business practices had no countervailing benefit to consumers or to competition.

710.    Defendants' acts and practices were additionally "deceptive" under W. Va. Code § 46A-6-104 because Defendants made representations or omissions of material facts that misled or were likely to mislead reasonable consumers, including the West Virginia Plaintiffs and Class members.

711.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

712.    Defendants acted intentionally, knowingly, and maliciously to violate West Virginia's Consumer Credit and Protection Act, and recklessly disregarded West Virginia Plaintiffs and Class members' rights. Defendants' unfair and deceptive acts and practices were likely to cause serious harm, and Defendants knew that their deceptive acts would cause harm based upon their business practices and exclusive knowledge of the omissions and misrepresentations herein.

713.    As a direct and proximate result of Defendants' deceptive acts and practices, the West Virginia Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including

from not receiving the benefit of their bargain in purchasing the Hill's Products.

714.    Defendants' violations present a continuing risk to the West Virginia Plaintiffs and Class members as well as to the general public.

715.    The West Virginia Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including the greater of actual damages or $200 per violation under W. Va. Code § 46A-6-106(a), restitution, injunctive and other equitable relief, punitive damages, and reasonable attorneys' fees and costs.

## COUNT 59

## VIOLATIONS OF WISCONSIN DECEPTIVE TRADE PRACTICES ACT,
### Wis. Stat. §§ 100.18, *et seq*.
### (On behalf of the Wisconsin Class)

716.    The Wisconsin Plaintiff identified above, individually and on behalf of the Wisconsin Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

717.    Defendants are each a "person, firm, corporation or association," as defined by Wis. Stat. § 100.18(1).

718.    The Wisconsin Plaintiff and Class members are members of "the public," as defined by Wis. Stat. § 100.18(1).

719.    With intent to sell, distribute, or increase consumption of merchandise, services, or anything else offered by Defendants to members of the public for sale, use, or distribution, Defendants made, published, circulated, placed before the public or caused (directly or indirectly) to be made, published, circulated, or placed before the public in Wisconsin advertisements, announcements, statements, and representations to the public which contained assertions, representations, or statements of fact which are untrue, deceptive, and/or misleading, in violation

of Wis. Stat. § 100.18(1).

720. Defendants also engaged in the above-described conduct as part of a plan or scheme, the purpose or effect of which was to sell, purchase, or use merchandise or services not as advertised, in violation of Wis. Stat. § 100.18(9).

721. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

722. Defendants' failure to disclose the above-described facts is the same as actively representing that those facts do not exist.

723. As a direct and proximate result of Defendants' deceptive acts or practices, the Wisconsin Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

724. Defendants had an ongoing duty to all Defendants' customers to refrain from deceptive acts, practices, plans, and schemes under Wis. Stat. § 100.18.

725. The Wisconsin Plaintiff and Class members seek all monetary and non-monetary relief allowed by law, including damages, reasonable attorneys' fees, and costs under Wis. Stat. § 100.18(11)(b)(2), injunctive relief, and punitive damages.

## COUNT 60

## VIOLATIONS OF THE WYOMING CONSUMER PROTECTION ACT
### Wyo. Stat. Ann. §§ 40-12-101 through 40-12-114
### (On behalf of the Wyoming Class)

726. The Wyoming Plaintiff identified above, individually and on behalf of the Wyoming Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

727.    The Wyoming Plaintiff and Class and Defendants are each a "person" within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(i).

728.    The Hill's Products are "merchandise" within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(vi).

729.    The Wyoming Plaintiff and Class, on the one hand, and Defendants, on the other, have engaged in "consumer transactions" within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(ii) when the Wyoming Plaintiff and Class purchased the Hill's Products for purposes that were primarily personal, family or household.

730.    Defendants' false and misleading labeling and other policies, acts, and practices violated and continue to violate the following sections of the Wyoming Consumer Protection Act, in the course of Defendants' business and in connection with consumer transactions with the Wyoming Plaintiffs and Class by Defendants knowingly:

   a.    Wyo. Stat. Ann. § 40-12-105(a)(i): representing that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have;

   b.    Wyo. Stat. Ann. § 40-12-105(a)(iii): representing that merchandise is of a particular standard, grade, style or model, if it is not;

   c.    Wyo. Stat. Ann. § 40-12-105(a)(v): representing that merchandise has been supplied in accordance with a previous representation, if it has not;

   d.    Wyo. Stat. Ann. § 40-12-105(a)(x): advertising merchandise with intent not to sell it as advertised; and

   e.    Wyo. Stat. Ann. § 40-12-105(a)(xv): engaging in unfair or deceptive

acts or practices.

731.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

732.     As a direct and proximate result of Defendants' deceptive acts and practices, the Wyoming Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

733.     The Wyoming Plaintiff and Class members seek all monetary and non-monetary relief allowed by law. *See* Wyo. Stat. Ann. § 40-12-108.

## COUNT 61

## VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION ACT
### D.C. CODE §§ 28-3901 through 28-3913
### (On behalf of the District of Columbia Class)

734.     The District of Columbia Plaintiff identified above, individually and on behalf of the Wyoming Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

735.     The District of Columbia Plaintiff and Class and Defendants are each a "person" within the meaning of D.C. Code § 28-3901(1).

736.     The Hill's Products are "good and services" within the meaning of D.C. Code. § 28-3901(7).

737.     The District of Columbia Plaintiff and Class, on the one hand, and Defendants, on the other, have engaged in "trace practices" within the meaning of D.C. Code § 28-3901(6) when the District of Columbia Plaintiff and Class purchased the Hill's Products for purposes that were primarily personal, family or household.

115

738.     Defendants' false and misleading labeling and other policies, acts, and practices violated and continue to violate the following sections of the District of Columbia Consumer Protection Act, in the course of Defendants' business and in connection with consumer transactions with the District of Columbia Plaintiff and Class by Defendants knowingly:

f.      D.C. Code § 28-3904(a): representing that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have;

g.      D.C. Code § 28-3904(d): representing that merchandise is of a particular standard, grade, style or model, if it is not;

h.      D.C. Code § 28-3904(e): misrepresent as to a material fact which has a tendency to mislead;

i.      D.C. Code § 28-3904(f): fail to state a material fact if such failure tends to mislead; and

j.      D.C. Code § 28-3904(h): advertising merchandise with intent not to sell it as advertised.

k.      Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

739.     As a direct and proximate result of Defendants' deceptive acts and practices, the District of Columbia Plaintiff and Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

740.     The District of Columbia Plaintiff and Class members seek all monetary and non-monetary relief allowed by law. *See* D.C. Code § 28-3904(k)(1)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

A.    certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendants have committed the violations of law alleged herein;

D.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

E.    providing for any and all equitable monetary relief the Court deems appropriate;

F.    awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

G.    awarding Plaintiffs their reasonable costs and expenses of suit, including attorneys' fees;

H.    awarding pre- and post-judgment interest to the extent the law allows; and

I.    providing such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims so triable.  Pursuant to Local Rule 40.2(a), Plaintiffs designate Kansas City, Kansas, as the place of trial.

Date: December 15, 2020

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

By: _Rachel E. Schwartz_
Rachel E. Schwartz, KS Bar # 21782
*schwartz@stuevesiegel.com*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7125
Facsimile: (816) 714-7101

*Plaintiffs' Co-Lead, Liaison, and Interim Class Counsel*

**MASON LIETZ & KLINGER LLP**
Gary E. Mason
*gmason@masonllp.com*
5101 Wisconsin Avenue Northwest, Suite 305
Washington, District of Columbia 20016
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

*Plaintiffs' Co-Lead and Interim Class Counsel*

**REESE LLP**
Michael Robert Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Plaintiffs' Co-Lead and Interim Class Counsel*

**KAMBERLAW LLC**
Scott A. Kamber
*skamber@kamberlaw.com*
201 Milwaukee Street, Suite 200
Denver, Colorado 80206
Telephone: (303) 222-9008
Facsimile: (212) 202-6364
*Plaintiffs' Co-Lead and Interim Class Counsel*

**GOLDENBERG SCHNEIDER, LPA**
Jeffrey S. Goldenberg
*jgoldenberg@gs-legal.com*
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Telephone: (513) 345-8297
Facsimile: (513) 345-8294

**LEVI & KORSINSKY, LLP**
Rosemary M. Rivas
*rrivas@zlk.com*
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1672
Facsimile: (415) 484-1294

**LEVIN SEDRAN & BERMAN, LLP**
Charles E. Schaffer
*cschaffer@lfsblaw.com*
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert
*memert@kgglaw.com*
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335

*Plaintiffs' Executive Committee and Interim Class Counsel*