## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE: HILL'S PET NUTRITION, INC. DOG FOOD PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Cases, Except:**<br><br>***Diana Anja Eichorn-Burkhard v. Hill's Pet Nutrition, Inc. et al.*, Case No. 19-CV-02672- JAR-TJJ;**<br><br>**and**<br><br>***Bone, et al. v. Hill's Pet Nutrition, Inc., et al.*, Case No. 19-CV-02284-JAR-TJJ (cat and dry dog food-related claims only. This complaint DOES apply to all wet dog food-related claims in the *Bone* complaint).** | **MDL No. 2887**<br><br>**Case No. 2:19-md-02887-JAR-TJJ** |

### ORDER PRELIMINARILY APPROVING SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE SETTLEMENT CLASS

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class, having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a Settlement in accordance with the Class Settlement Agreement filed as Exhibit A at ECF No. 98-1 ("the Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

1

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court grants provisional certification to the following nationwide Settlement Class for settlement purposes only: All persons and entities that purchased Hill's Products in the United States from September 1, 2018 to May 31, 2019.  Excluded from this Settlement Class are: all persons and entities that have been provided compensation from any Defendant and have executed a release for the claims described herein; Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale or resold Hill's Products, but persons or entities that purchased Hill's Products for direct use are not excluded; the Judges to whom this case is assigned and any member of the Judges' staff or immediate family; Settlement Class Counsel; and putative Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

3.      The Court additionally grants provisional certification, for settlement purposes only, to the state Settlement Subclasses described in the Consolidated Class Action Complaint. Excluded from the Settlement Subclasses are: all persons and entities that have been provided compensation from any Defendant and have executed a release for the claims described herein; Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale or resold Hill's Products, but persons or entities that purchased

Hill's Products for direct use are not excluded; the Judges to whom this case is assigned and any member of the Judges' staff or immediate family; Settlement Class Counsel; and putative Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the named Class Representatives in the Consolidated Class Action Complaint are preliminarily certified as the Class Representative and Co-Lead Counsel Gary E. Mason of Mason Lietz & Klinger LLP, Scott A. Kamber of KamberLaw LLC, Michael R. Reese of Reese LLP, and Rachel E. Schwartz of Stueve Siegel Hanson LLP are preliminarily appointed as Settlement Class Counsel.

6.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and

(iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

7.      The Settlement Hearing, which the Court presently intends to conduct by Zoom in light of the ongoing exigent circumstances caused by the COVID-19 pandemic, shall be held before this Court on July 27, 2021 at 10:00 a.m.  The Zoom link will be posted on the website for the Settlement, www.PetFoodSettlement.com.   This Hearing will determine (i) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; (ii) whether the proposed Final Judgment and Order of Dismissal as provided under the Settlement Agreement should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) whether the Settlement Classes should be finally certified for purposes of the Settlement only; (v) whether Plaintiffs and Settlement Class Counsel should be finally appointed as Class Representatives and Class Counsel, respectively, for purposes of the Settlement only; (vi) the amount of attorneys' fees, charges, and expenses that should be awarded to Settlement Class Counsel; and (vii) any service awards to Class Representatives.  The Court will also hear any objections by Settlement Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Settlement Class Counsel; and (iii) awards to Class Representatives; and to consider such other matters the Court deems appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class.

8.      The Court approves, as to form and content, the Long Form Notice, substantially in the forms annexed as Exhibit 3 to the Settlement Agreement, respectively.

9.      The Court approves the form of the Publication Notices and the Press Release, substantially in the forms annexed as Exhibits 4 and 6 to the Settlement Agreement.

10.     The Court approves the form of the Claim Form, substantially in the form annexed as Exhibit 2 to the Settlement Agreement.

11.     The Court finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in the Settlement Agreement and the Notice Plan, attached as Exhibit 5: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

12.     Heffler Claims Group ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

13.     Not later than March 8, 2021, (the "Notice Date"), the Settlement Administrator shall commence mailing the Notice, substantially in the forms annexed to the Settlement Agreement, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.PetFoodSettlement.com.

14.     The Settlement Administrator shall cause the Publication Notice to be published as described in the Notice Plan no later than April 1, 2021, and the Press Release shall be published once over a national newswire service no later than March 8, 2021.

15.     Not later than July 2, 2021, Settlement Class Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publishing.

16.     All fees and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund.

17.     All Settlement Class Members shall be bound by all determinations and judgments concerning the Settlement, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim Form or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund unless they timely opt-out.

18.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than July 2, 2021.  Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the releases therein, unless they timely opt-out or as otherwise ordered by the Court.  Notwithstanding the foregoing, Settlement Class Counsel may, in their discretion, accept late-submitted claims for

processing by the Settlement Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

19.     The Claim Form submitted by each Settlement Class Member must:  (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation, if required and as specified in the Settlement Agreement or such other documentation deemed adequate by the Settlement Administrator or Settlement Class Counsel; (iii) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (iv) be signed under penalty of perjury.  As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

20.     Any Settlement Class Member may enter an appearance, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's own choice.  If a Settlement Class Member does not enter an appearance, that Settlement Class Member will be represented by Settlement Class Counsel.

21.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Settlement Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than June 21, 2021.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) identify the Settlement Class Member's type of claim (i.e., whether it is a Dog Injury Claim or Consumer Food Purchase Claim); (c) if applicable, the name of the Settlement Class Member's attorney; and (d) that the Person wishes to be excluded from the Settlement Class.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated

above, or the exclusion is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

22.     Any Person who is excluded from the Settlement Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to June 21, 2021, submit a written revocation of Request for Exclusion following the same instructions in ¶ 21 above.

23.     Any Settlement Class Member who does not request exclusion may appear at the Settlement Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Settlement Class Counsel, or why a service award should or should not be awarded to Class Representatives; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before June 21, 2021, to the following:

> Scott A. Kamber
> KAMBERLAW LLC
> 201 Milwaukee Street, Suite 200
> Denver, CO  80206
> skamber@kamberlaw.com
>
> Gary E. Mason
> MASON LIETZ & KLINGER LLP
> 5101 Wisconsin Avenue NW | Ste 305
> Washington, DC 20016
> gmason@masonllp.com

Michael Robert Reese
REESE LLP
100 West 93rd Street, 16th floor
New York, NY 10025
mreese@reesellp.com

Rachel E. Schwartz
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
schwartz@stuevesiegel.com

Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
rgoetz@omm.com

Hannah Y. Chanoine
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
hchanoine@omm.com

Thomas P. Schult
Jennifer Wieland
BERKOWITZ OLIVER LLP
4121 West 83rd Street, Suite 155
Prairie Village, Kansas 66208
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

Hill's Pet Food Settlement Program
c/o Settlement Administrator
P.O. Box. 97
Warminster, PA 18974-0097
1-833-537-1191

Clerk of the Court
United States District Court for the District of Kansas,
500 State Avenue
Kansas City, Kansas 66101

Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, service awards, and/or application for attorneys' fees or expenses; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (iv) state whether the objection applies only to the objector or to all or a subset of the Settlement Classes; (v) identify which Class the objector is a member; (vi) if the objector intends to appear at the Settlement Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Settlement Hearing; (vii) identify any prior objections filed by the objector or the objector's counsel; and (viii) state that the objector submits to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.  The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has complied with the above requirements.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, service awards, or to the award of fees and expenses to Settlement Class Counsel or any award to Class Representatives, unless otherwise ordered by the Court.  Settlement Class Members submitting written objections are not required to attend the Settlement Hearing, but any Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the

identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

25. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Settlement Class Counsel for attorneys' fees and expenses and award to Class Representatives shall be filed and served by no later than May 28, 2021, and any reply papers shall be filed and served no later than July 6, 2021.

26. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Settlement Class Counsel or any award to Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Settlement Class Counsel, and any application for attorneys' fees, expenses, or awards should be approved. The Court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses, or service awards to class representatives.

28. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.

29.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

30.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

31.     If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

32.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

33.     A summary of the deadlines is below:

| Event | Deadline |
|---|---|
| Deadline for Defendants to provide Settlement Administrator with contact information for any putative Class Members | February 10, 2021 |
| Deadline for establishment of Settlement Fund | March 8, 2021 |
| Notice Program | Notice Program shall commence by March 8, 2021, and be completed by May 6, 2021 |
| Motion for Final Approval of Settlement | May 28, 2021 |
| Motion for attorneys' fees and litigation costs and expenses and Class Representative Service Award Payments due | May 28, 2021 |
| Objection filing deadline | June 21, 2021 |
| Affidavit attesting to implementation of the Notice Plan in accordance with Preliminary Approval Order and report identifying all opt-outs and objectors due | July 2, 2021 |
| Objection response deadline | July 6, 2021 |
| Opt-out deadline | June 21, 2021 |
| Final Approval Hearing | July 27, 2021 at 10:00 a.m. |
| Deadline for submission of all Dog Injury Claims and Consumer Food Purchase Claims | July 2, 2021 |

**IT IS SO ORDERED.**

Dated: February 3, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE